*In re* ESTATE OF ANTHONY R. BASILE, Deceased.—(SCHNECK AVIATION, INC., Claimant-Appellant.)

(No. 74-337;

Second District (2nd Division)—September 26, 1975.

*Rehearing denied November 5, 1975.*

Pedderson, Menzimer, Conde, Stoner, Ferolie, Spelman & Killoren, of Rockford, and William E. Hartnett, of Waukegan, for appellant.

Flando, Fischl & Cain, of Oak Park, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

Schneck Aviation, Inc., filed a verified claim in the Probate Division of the Circuit Court of Lake County against the estate of Anthony R. Basile, deceased. The claim alleged:

1. Claimant has a claim for $15,000,
2. For balance due on a stock subscription agreement in amount of $50,000 of which $35,000 had been paid,
3. Claimant under a buy-sell agreement is obligated to buy back the stock for $150,000 which price is equal to the proceeds collected for life insurance policies held by claimant on decedent's life. Claimant has collected the $150,000 and is holding it pending the clarification and allowance of claimant's claim for the $15,000 unpaid stock subscription. Claimant

claims the right of set-off against such proceeds to the extent of its claim herein.

Thereafter the claim was dismissed but new attorneys appeared on behalf of claimant and filed a motion stating and requesting:

1. The claim be reinstated. 2. A citation be issued to certain parties including Dr. Robert Luehring who was contending that the $35,000 which had been paid for the stock was his money. 3. Anthony R. Basile prior to death was attorney for and secretary of claimant corporation and having only paid $35,000 should have only issued $35,000 worth of stock to himself.

The estate filed an answer to the motion requesting among other things that the claimant be ordered to pay the $150,000 to the estate to assure no loss of the funds.

After a hearing the court on June 24, 1974, allowed the claim to be reinstated, the citation be issued to Dr. Luehring and further ordered:

"Schneck Aviation is hereby ordered to deposit in the First National Bank of Lake Forest, proceeds of life insurance policy issued upon life of Anthony R. Basile in a regular interest drawing account, subject to the further order of this Court    *    *    *."

On August 1, 1974, claimant filed a petition to vacate the order of June 24. After a hearing on August 1 the court denied the petition to vacate and again ordered claimant to deposit $150,000 as per previous order and within 10 days.

Claimant appeals from the order of August 1. By motion the estate moved to dismiss the appeal on the ground that the order was not the proper subject of an interlocutory appeal. This court by order entered November 26, 1974, denied that motion. The estate again raises the point in its brief.

Review by this court is limited to final judgment and certain interlocutory orders as specified by Supreme Court Rules. *Browning v. Heritage Insurance Co.* (1974), 20 Ill.App.3d 622.

The subject of "Deposits in Court" may be found in: 26A C.J.S. *Deposits in Court* 471 (1956); 23 Am.Jur.2d *Deposits in Court* 735 (1965); 11A Ill. Digest *Deposits in Court* 438 (1969).

If a party to a cause is in possession of a fund to which there are conflicting claims, and it appears to the court that the fund is in danger of loss or depletion, or that rights of the parties in interest may be endangered if the fund is allowed to remain in possession of the party holding it, the party may be compelled to pay the fund into court to abide its further order. 26A C.J.S. *Deposits in Court* § 1(1)d (1956).

The facts which must exist as the basis of an order for deposit must

appear in the direct progress of the cause, and be found in the cause as it then stands. They may be shown by admissions in the pleadings. To warrant an order for payment into court on this basis, (1) a party must not only admit that he has received the money, but also (2) that it is still within his possession or control and (3) that the adverse party is entitled thereto. 26A C.J.S. *Deposits in Court* § 1(1)d(2) (1956).

We are, however, immediately concerned with the appealability of such an order directing payment of money into court. A majority of the cases ruling on the question whether such an order is appealable have held in the negative. The most common reason for denying an appeal from such orders is that they are merely interlocutory, designed to preserve a fund until rights to it can be established and not final orders determining such rights. Annot., 15 A.L.R.3d 568, § 3 (1967).

There are two Illinois decisions. In *McCormick v. West Chicago Park Commissioners* (1886), 118 Ill. 655, 662, the court rejected the argument that the order could not be reviewed because it was not final but did so because of the unique "circumstances of the case."[1]

In *Sanborn v. Blankenheim* (1952), 346 Ill.App. 214 (abstract opinion), the order for deposit was held not a final order and not appealable. Also see *Chicago Title & Trust Co. v. Thomson* (1908), 139 Ill.App. 158, 159.

We are of the opinion that the November 26, 1974, order of this court denying the motion to dismiss this appeal was inadvertently entered, and further that the order of the trial court entered August 1, 1974 is not the proper subject to an interlocutory appeal.

Appeal dismissed.

RECHENMACHER, P. J., and T. MORAN, J., concur.

---

[1] The order for deposit in court was entered after final judgment in an eminent domain proceeding by a county court which had no general chancery jurisdiction; (the petition was in the nature of a bill of interpleader) the statute provided that the money for compensation could only be paid into the county treasury or directly to the parties entitled to it; appellants had a vested right to have the money paid to them and the order deprived them of this right and directed the money paid elsewhere; and while claimant did not claim little more than a third of the fund the order directed the whole fund including that which was admitted to belong to appellants to be paid into court; appellants had a right to have the money paid to the county treasury, if not to them and the order amounted to a final deprivation of that right and, further, the order was a final judgment against the condemning body.