JOHN SCHROEDER *et al.*, Plaintiffs-Appellants and Cross-Appellees, v. MEIER-TEMPLETON ASSOCIATES, INC., Defendant-Appellee and Cross-Appellant.

Fifth District No. 5—83—0630

Opinion filed December 13, 1984.—Rehearing denied January 14, 1985.

Melory B. Hutnick, of Belleville, for appellants.

Michael O'Malley, of Belleville, and Mark G. Zellmer, of St. Louis, Missouri (Carol A. Rutter, of counsel), for appellee.

JUSTICE WELCH delivered the opinion of the court:

Plaintiffs John Schroeder and George Templeton filed their complaint in 1981 in the circuit court of St. Clair County against defendants Meier-Templeton Associates, Inc. (MTA), and Harve Meier, seeking an accounting as to commissions Mr. Schroeder and Mr. Templeton had earned while in MTA's employ and payment of those commissions yet unpaid, a declaration that Mr. Schroeder was re-

lieved of his contractual obligations to MTA, and damages for MTA's failure to provide an accounting as required under the terms of Mr. Schroeder's contract with MTA. After a bench trial, the court entered judgment, *inter alia,* as follows: (a) In favor of Templeton and against MTA, $19,805.50; (b) in favor of Schroeder and against MTA, $16,036.37; (c) a "receiver" appointed to collect certain accounts receivable and deposit the sums collected with the trial court, which would then distribute said funds equally among Templeton, Schroeder and Meier; (d) a declaration that Schroeder was relieved of his obligation not to compete with MTA; and (e) that MTA pay the costs of the accounting. Each of the parties appeals from the respectively unfavorable portions of said judgment. Meier is not personally involved in this appeal.

MTA is a "manufacturer's representative" which represented various principals when it was active. These principals are manufacturers and suppliers of large items of industrial equipment which often require substantial periods of time to install. Commissions often are not paid in full until after completion of installation. MTA acted as a seller of the principals' equipment. Meier and Templeton both served MTA as officers and salesmen. Schroeder was hired as a salesman pursuant to a written employment contract. The contract required Schroeder to refrain from competing with MTA while working for MTA and for 18 months thereafter absent written consent or the retirement of Meier or Templeton. The contract also required that MTA give a written statement of good cause in the event of termination of Schroeder's employment; that Schroeder provide 30 days' written notice prior to resigning; that, in the event of termination or resignation, on the final day of Schroeder's employment MTA would provide him with a full and complete accounting reflecting what commissions had been earned as of that time that he is entitled to share in upon receipt by MTA, and that on the final day of his employment Schroeder would provide MTA with a full and complete list of all expenses for which he claimed reimbursement.

A falling out between Meier and the other two men culminated in Meier's January 26, 1981, letter of termination to Schroeder. According to Schroeder, he doubted the efficacy of that letter as a letter of termination and immediately sought legal advice which reinforced this belief. Templeton mailed his letter of resignation to Meier on January 26. Schroeder tendered his resignation on January 27, 1981, and an attorney for MTA accepted it the same day.

Schroeder and Templeton filed this action on March 20, 1981, seeking an accounting as to commissions due them, payment of the

amounts due, damages for MTA's failure to render an accounting voluntarily or on demand, and a declaration that Schroeder was no longer bound by the competition clause in his contract. Schroeder and Templeton also sought prejudgment interest for the amounts owed, and moved for attorney fees and expenses under section 2—611 of the Civil Practice Law (Ill. Rev. Stat. 1981, ch. 110, par. 2—611) based on allegations and denials in MTA's answer to their complaint. MTA filed counterclaims which the court ordered severed for trial and which are not in issue in this appeal.

Meier testified at trial that shortly after Templeton and Schroeder resigned from MTA, Meier founded a corporation named Meier Technical Associates, Inc. Included in the record on appeal is a copy of a letter from Meier to one of the principals represented by MTA, announcing that MTA's name had been changed and that Meier Technical Associates would henceforward handle the business formerly handled by MTA. Meier testified that MTA continued in existence. Schroeder and Templeton testified that after leaving MTA they formed T.S. Associates and continued operating as manufacturers' representatives under that name.

Meier testified that on September 15, 1981, he sent Schroeder and Templeton an "engineer's" accounting as to the sums owed to them, together with two checks totalling $33,858.46. The trial court ordered this sum held in escrow. Schroeder and Templeton moved for release of this sum to them on the ground that their entitlement thereto was not in dispute. This motion was granted. On October 2, 1981, the trial court ordered an accounting prepared by Mr. Wamhoff, who provided accounting services for both MTA and T.S. Associates. None of the parties found the Wamhoff accounting acceptable.

We first consider MTA's contention that Schroeder and Templeton's appeal should be dismissed for want of jurisdiction because their notice of appeal states simply that they seek that the judgment of the trial court be "reversed." It is generally accepted that a notice of appeal is to be liberally construed. A notice of appeal will confer jurisdiction on an appellate court if the notice, when considered as a whole, fairly and adequately sets out the judgment complained of and the relief sought so that the successful party is advised of the nature of the appeal. (*Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 433-34, 394 N.E.2d 380, 382-83.) The instant notice specifies the date of the judgment appealed from and seeks reversal "as prayed for" or alternatively such other relief as the court may find proper. In our view it is sufficient to confer jurisdiction upon this court.

We next consider MTA's argument that Schroeder and Templeton are barred from appealing the judgment complained of by their acceptance of amounts tendered to them by MTA, under the well-established rule that a party cannot avail himself of those parts of a decree which are beneficial to him and afterward appeal, seeking to reverse the parts of the decree unfavorable to him. (*Boylan v. Boylan* (1932), 349 Ill. 471, 473, 182 N.E. 614, 614-15.) Pursuant to court order, two checks totalling $33,858.46 were escrowed, then released to Schroeder and Templeton by order of the trial court pursuant to their motion. Schroeder and Templeton argue that that sum was part of MTA's obligations to them, but not part of the judgment against MTA in their favor. Our careful reading of the order signed by the trial court reveals that the escrowed sums were not included in the judgment. In any event, we find no contention by MTA that Schroeder and Templeton were not entitled to those sums. MTA's contention is without merit.

We next consider the motions this court ordered taken with the case. MTA moved to strike portions of Schroeder and Templeton's reply brief as outrageous, scandalous, impertinent, and unsupported by the record. To the extent that the matters in the briefs are not supported by the record, we will disregard them. (*Keehner v. A.E. Staley Manufacturing Co.* (1977), 50 Ill. App. 3d 258, 261, 365 N.E.2d 275, 277.) Under the circumstances, it serves no purpose to strike any portion of the briefs.

Also taken with the case was Schroeder and Templeton's motion to substitute Meier-Technical Associates, Inc., for MTA as the real party in interest, and MTA's objection thereto. No reason appears why this issue was not raised in the trial court. We find it waived. (*Trisko v. Vignola Furniture Co.* (1973), 12 Ill. App. 3d 1030, 1033, 299 N.E.2d 421, 424.) In any event, it does not appear that MTA has changed its name, is bankrupt, or no longer exists. (See Ill. Rev. Stat. 1983, ch. 110, par. 2—1008.) Implicit in the motion is the suggestion that MTA is no longer able to pay its debts to Schroeder and Templeton. Section 2—1008 is not designed to cope with such a situation. The motion is denied.

We next consider the points raised in Schroeder and Templeton's brief. Schroeder and Templeton argue that the trial court erred in denying their motion for summary judgment as to amounts which Mr. Wamhoff's accounting showed were owing to Schroeder and Templeton, which amounts were not disputed by MTA. We are precluded from considering Schroeder's and Templeton's contention by the well-settled rule that an order refusing to enter summary judgment is not

appealable. (*Bezin v. Ginsburg* (1978), 59 Ill. App. 3d 429, 435, 375 N.E.2d 468, 473.) Further, Schroeder and Templeton do not suggest that judgment was not ultimately rendered in their favor as to these amounts. Accordingly, the issue is also moot. See *Larson v. City of Loves Park* (1964), 48 Ill. App. 2d 191, 193-94, 198 N.E.2d 525, 526.

 Next, Schroeder and Templeton argue that the trial court erred in finding that they were not entitled to an accounting. Since they admit that an accounting was ultimately provided by MTA, this argument is apparently directed to their entitlement to damages based on MTA's wrongful refusal to render an accounting. In our opinion, the trial court's conclusion that Schroeder and Templeton were not entitled to damages on that basis was supported by the evidence of record. Templeton had no written employment contract. While Schroeder's contract called for an accounting, the court could have and did find that Meier's letter of January 26, 1981, was ineffective to terminate Schroeder's employment and that Schroeder's offered resignation the next day and MTA's acceptance thereof (in contravention of the contract's provisions governing termination) constituted a new contract and a waiver of the written contract's termination provisions. A reviewing court will not substitute its judgment for that of the trial court in a bench trial unless that judgment is against the manifest weight of the evidence. (*C. Hutchinson & Co. v. E.W. Lancaster, Inc.* (1983), 119 Ill. App. 3d 610, 613, 456 N.E.2d 983, 985.) As to Schroeder and Templeton's contention that the court may have found at some time prior to final judgment that they were entitled to an accounting, such conclusion was merely interlocutory and did not deprive the court of authority to later determine otherwise. See *Richichi v. City of Chicago* (1964), 49 Ill. App. 2d 320, 325, 199 N.E.2d 652, 655.

Schroeder and Templeton argue that the court erred in failing to rule on their motion for attorney fees pursuant to section 2—611 of the Civil Practice Law (Ill. Rev. Stat. 1981, ch. 110, par. 2—611). It is well settled that we do not have authority to consider a matter not passed on by the trial court (*Trisko v. Vignola Furniture Co.* (1973), 12 Ill. App. 3d 1030, 1033, 299 N.E.2d 421, 424), and that when the court reserves a ruling, a movant must seek a decision or ruling in order to preserve the motion for review (*Village of Maywood v. Health, Inc.* (1982), 104 Ill. App. 3d 948, 955, 433 N.E.2d 951, 957). Here, Schroeder and Templeton filed a general motion, without specification of the allegedly untrue statements and denials by MTA, and so far as this record shows did not request a hearing on the motion after suggesting that it be addressed after judgment. We find no

cause for remandment on this issue.

Next, Schroeder and Templeton argue that the trial court erred in finding that Schroeder violated the terms of the employment contract. As no relief is sought in conjunction with this argument, other than a declaration that said finding was incorrect, we have no reason to consider it. Judgment may be sustained upon any ground warranted by the record, irrespective of whether the particular reasons given or the specific findings are correct. *City of Rockford v. Maxwell* (1968), 92 Ill. App. 2d 336, 340, 234 N.E.2d 563, 566.

■■ Finally, in their "Conclusion and Prayer for Relief," Schroeder and Templeton ask this court to reverse the trial court's order that a check from K-Tron be endorsed and delivered to MTA. No arguments in support of said prayer for relief are included in Schroeder and Templeton's appellants' brief. Points not argued therein are waived. 87 Ill. 2d R. 341(e)(7).

In conclusion, we find no cause to reverse the judgment of the circuit court based on the arguments raised in Schroeder and Templeton's appeal. We now turn to MTA's cross-appeal.

■■ MTA contends that the trial court erred in permitting Schroeder and Templeton to share in commissions on sales occurring within 30 days after their departure. The trial court concluded that under an "industry rule of thumb," sales made within 30 days after termination of a sales representative were presumed to be the result of the efforts of that salesman prior to departure. Under the "procuring cause rule," a party may be entitled to commissions on sales made after the termination of a contract if that party procured the sales through its activities prior to termination. The rule applies, however, only if the contract does not expressly provide when commissions will be paid. (*Technical Representatives, Inc. v. Richardson-Merrell, Inc.* (1982), 107 Ill. App. 3d 830, 833, 438 N.E.2d 599, 602.) This principle of law protects a salesman discharged prior to culmination of a sale but after he has done everything necessary to effect the sale. (*Heuvelman v. Triplett Electrical Instrument Co.* (1959), 23 Ill. App. 2d 231, 237, 161 N.E.2d 875, 878.) Meier's testimony at trial indicates that this principle was incorporated into MTA's contracts with the principals it represented. The instant contract states that MTA shall on the final day of the salesman's employment provide him with a full and complete accounting reflecting what commissions have been earned as of that time "that he is entitled to share in upon receipt by [MTA]." Thus, unlike *Technical Representatives, Inc. v. Richardson-Merrell, Inc.* (1982), 107 Ill. App. 3d 830, where the court held that the salesman was not entitled to the benefits of the procuring cause

rule, in the case at bar the contract is not inconsistent with application of that rule. While the trial court could have found here that Schroeder forfeited his right to such commissions by failing to give 30 days' notice of termination, we conclude that such a conclusion was not required in view of the parties' mutually cavalier treatment of the contract's termination provisions. As to Templeton, who had no written contract, MTA asserts no facts in. support of its position that 30 days' notice of his resignation was "required." The trial court did not err in applying the procuring cause rule, the evidence having failed to manifestly require a contrary result.

MTA argues that the trial court erred in requiring MTA to bear the $2,106 expense due to the Wamhoff accounting. However, MTA's argument ignores the fact that said expense was deducted from gross commission revenues by the trial court in determining the amount of commission revenues to which Schroeder and Templeton were entitled. The expense of the accounting was incurred pursuant to determining the extent of commission revenues owed to Schroeder, Templeton, and Meier, and deduction of this expense from commission revenues resulted in a division of that expense among the three individuals entitled to share in the commissions. In our view, the court's treatment of the accounting expense was equitable and should not be disturbed on review.

██ █ Next, MTA contends that the trial court erred in *ex mero motu* appointing a "receiver" to collect certain designated accounts receivable. Since MTA simply argues that said appointment should be reversed, it appears that MTA would suggest that it receive these accounts receivable itself. Schroeder and Templeton do not expressly argue this point; however, they ask that they be appointed receivers as to these accounts receivable.

On this point, the order of the trial court stated that these sums should be collected by the "receiver" and deposited with the court for distribution "if they were 'earned' during the business relationship of the parties as determined by this Order" unless the parties "can otherwise agree." Obviously the parties have been unable to reach agreement on this matter.

MTA notes, and we agree, that the appointment of a "receiver" is an extraordinary and drastic remedy to be exercised with great caution. Mere dissension and dispute between parties does not justify so drastic a remedy. (*Poulakidas v. Charalidis* (1979), 68 Ill. App. 3d 610, 614-15, 386 N.E.2d 405, 408-09.) A court may on its own motion appoint a "receiver" whenever a proper case is made, even though neither party to the controversy asks for or desires his appointment.

65 Am. Jur. 2d *Receivers* sec. 101 (1972); see *Firebaugh v. McGovern* (1949), 404 Ill. 143, 147-48, 88 N.E.2d 473, 475.

■■ We do not view the instant case as involving the appointment of a true "receiver," despite the trial court's use of that term. Here, the "receiver" is not appointed to manage and operate an ongoing business, as in *Firebaugh v. McGovern* (1949), 404 Ill. 143, or even to handle all of the financial affairs of a business, as in *Poulakidas v. Charalidis* (1979), 68 Ill. App. 3d 610. Here, the so-called "receiver" has no duties except to deliver certain accounts receivable to the court. This is not a case in which such appointment will raise the concerns referred to by the court in *Poulakidas v. Charalidis* (1979), 68 Ill. App. 3d 610, *i.e.*, impairment of corporate credit, interference with management, and court management of the business' affairs. Here, the "receiver" merely receives funds with no discretion but to deposit them with the court. There is precedent for the deposit of funds with the court pending the court's final ruling as to who is entitled to said funds. (*American Re-Insurance Co. v. MGIC Investment Corp.* (1979), 73 Ill. App. 3d 316, 324-25, 391 N.E.2d 532, 539.) We do not believe that the trial court abused its equitable discretion by taking steps to ensure preservation of the funds in question pending a final decision as to entitlement thereto, particularly in view of evidence that MTA is no longer active. Moreover, we have misgivings as to the appealability of this portion of the judgment, as ultimate entitlement to said funds has not yet been determined by the trial court. See *In re Estate of Basile* (1975), 32 Ill. App. 3d 618, 620, 336 N.E.2d 214, 215-16.

In sum, we have examined all of the issues advanced by the parties as to why this cause should be reversed. Insofar as said issues are reviewable by this court, we have concluded that the trial court committed no reversible error in the application of his discretion and that the court's pertinent findings of fact were not contrary to the manifest weight of the evidence adduced. For the above reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

KARNS and HARRISON, JJ., concur.