OUTDOOR MEDIA, INC., Plaintiff-Appellee, v. THE VILLAGE OF BELL-WOOD, Defendant-Appellant.

First District (5th Division)   No. 86—1912

Opinion filed October 16, 1987.—Rehearing denied November 18, 1987.

Staehlin, Jantorni & Sullivan, of Chicago (John M. Sullivan and Susan L. Jantorni, of counsel), for appellant.

Gordon & Glickson, P.C., of Chicago (Sanford M. Stein, Jean Marie R. Pechette, and William M. Walsh, of counsel), for appellee.

JUSTICE MURRAY delivered the opinion of the court:

This is an appeal by defendant, Village of Bellwood (the village), from the entry of an order by the circuit court of Cook County granting summary judgment to plaintiff, Outdoor Media, Inc. (OMI), concerning the village's land use restrictions on property located in the village upon which OMI sought to construct a billboard sign. On appeal, the village seeks reversal of that order, reversal of the denial of its post-trial motion for rehearing and modification or, alternatively, that the cause be remanded for further proceedings.

The property in question is located within 660 feet of the right-of-way of Federal Interstate Highway 290. In July 1982, OMI applied for and was granted a permit by the Illinois Department of Transportation to erect a 20 feet by 60 feet outdoor, double-faced, single sign on the property. The permit was granted pursuant to the Highway Advertising Control Act of 1971 (HACA) (Ill. Rev. Stat. 1985, ch. 121, par. 501 *et seq.*). At that time, the property was located in a district that the village's zoning ordinance classified as a B1 community shopping district, *i.e.*, a *business* classification. Under the classification, on-premise advertising of a commercial nature is permitted, but off-premise advertising, whether commercial or noncommercial, is prohibited.

On September 10, 1982, OMI applied to the village for permits to construct the billboard and electrical lighting. The village's building commissioner denied the permit, stating in a letter to OMI that "the Village ordinance prohibits billboards in all areas not within the juris-

diction of the Highway Advertising Control Act, including areas zoned 'Business' and 'Residential.' The property in question is zoned business, therefore the Highway Control Act does not apply."

Thereafter, OMI filed a four-count complaint for declaratory judgment alleging in count I that by virtue of the provisions of HACA it was entitled to a permit to erect the sign. (Ill. Rev. Stat. 1985, ch. 121, par. 503.12.) OMI asserted that HACA preempted the village's jurisdiction over the proposed sign. In count II of its complaint, OMI alleged that the village ordinance prohibiting the sign was unconstitutional on first amendment grounds. Counts III and IV, as indicated below, are not involved in this appeal.

After the village filed its answer, OMI filed a motion for summary judgment on all four counts. Subsequently, the parties agreed, prior to a hearing on the matter, to proceed only on counts I and II, and the village filed a cross-motion for summary judgment on those counts. On January 31, 1986, the trial court entered summary judgment in OMI's favor on count II, concluding that the ordinance was not content-neutral and created an impermissible preference for commercial speech over noncommercial speech in violation of OMI's first amendment rights. After granting OMI's motion as to count II, the court denied its motion as to count I, regarding the preemption issue, and granted the village's motion as to that count, holding that HACA did not preempt the village's zoning ordinance.

On February 28, 1986, OMI filed a motion to reconsider the court's ruling of January 31 and to modify it. On June 11, 1986, the trial court granted OMI's motion for reconsideration and held that HACA preempted the village's zoning ordinance with respect to the proposed sign. The court then vacated its January 31, 1986, order on the constitutional issue of count II on the basis of mootness and issued summary judgment in favor of OMI on count I, the preemption issue.

On June 12, 1986, the village filed a motion for rehearing and modification of the court's June 11 order, requesting that the court modify the order by finding as a matter of law "that although HACA may be applicable to areas zoned business, it is not applicable to the subject property zoned B1 Community Shopping District under defendant's zoning ordinance." Alternatively, the village also alleged that factual issues were now raised regarding the character and use of the "subject property which needed to be considered by the court, therefore only a summary determination, not a summary judgment, was proper." On July 15, 1986, the trial court denied the village's motion and ordered that its order of June 11 stand as the final order. This appeal followed, in which the village seeks reversal of the court's June 11 order as to

the preemption issue and the denial of its post-trial motion of July 15 or, alternatively, that the cause be remanded for further proceedings.

The village's preemption argument is based upon its construction of section 3.12 of HACA, which provides:

> " 'Business area' means any part of an area adjacent to and within 660 feet of the right-of-way which is at any time zoned for business, commercial or industrial activities under the authority of any law of this State; or not so zoned, but which constitutes an unzoned commercial or industrial area ***. However, as to signs along Interstate highways, the term 'business area' includes only areas which are within incorporated limits of any city, village, or incorporated town, *** *and which are zoned for industrial or commercial use, or both,* or portions of Interstate highways which traverse other areas where the land use *** was established by State law as *industrial or commercial, or both.*" (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 121, par. 503.12.)

The village contends that HACA applies solely to *commercial and industrial areas*, and not to a *business area* such as the subject property here, as classified by its zoning ordinance, because the category of "business" is not included in the second part of section 3.12 pertaining to erection of signs along interstate highways.

We first observe that the village did not seek a review of the court's January 31, 1986, order holding the ordinance unconstitutional as applied to OMI's proposed billboard, nor does it argue that constitutional issue on appeal. Instead, the village limits its argument to the fact that the trial court erred in its determination that the HACA provision applied to the village's property, notwithstanding the village's B1 *business* classification of the property.

■■ ■ It is well established that a notice of appeal brings before the court the entire record and it is to be liberally construed. (*Schroeder v. Meier-Templeton Associates, Inc.* (1984), 130 Ill. App. 3d 554, 474 N.E.2d 744.) However, when an appeal is taken from a specified judgment, as in the instant case, an appellate court does not acquire jurisdiction to review other judgments which have not been specified in the notice of appeal. (*E. M. Melahn Construction Co. v. Village of Carpentersville* (1981), 100 Ill. App. 3d 544, 427 N.E.2d 181.) It is also, nonetheless, well settled that a reviewing court can sustain a judgment of the trial court on any grounds which are warranted by the record regardless of whether the circuit court's reasoning was correct. *Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 457 N.E.2d 9.

■ Although the trial court vacated its original January 31, 1986, order holding the ordinance unconstitutional, it did so because its later ruling that HACA preempted the village ordinance rendered moot the constitutional issue. On appeal, however, OMI in its brief argues alternatively the facial unconstitutionality of the village ordinance. In response, the village, during oral argument, conceded that portions of the ordinance were indeed unconstitutional, but argued that the unconstitutional portions of the ordinance can be severed from the remainder of the ordinance. OMI, on the other hand, contends in its brief that the constitutionally defective portions of the ordinance are not severable.

This court is aware of the principle of law that a statute or ordinance may be partially valid and that in certain cases a court will sever the valid portions of an ordinance from the invalid. (*Commercial National Bank v. City of Chicago* (1981), 89 Ill. 2d 45, 432 N.E.2d 227.) If what remains after the invalid portion is stricken is complete in itself and capable of being executed wholly independent of that which is rejected, the invalid portion does not render the entire section invalid unless it can be said that the legislative body would not have passed the statute with the invalid portion eliminated. *Livingston v. Ogilvie* (1969), 43 Ill. 2d 9, 250 N.E.2d 138.

■ In making this latter determination, where a court cannot say that the legislative body would have passed the enactment with the invalid portions eliminated, the entire statute or ordinance must be held invalid. (*City of Chicago Heights v. Public Service Co.* (1951), 408 Ill. 604, 97 N.E.2d 807.) In our constitutional scheme of separation of powers, courts are not the lawmakers. Courts determine only constitutional boundaries, not what a legislative body does between those boundaries. (*Commercial National Bank v. City of Chicago* (1981), 89 Ill. 2d 45, 75, 432 N.E.2d 227.) Based on this record, this court cannot say that the village of Bellwood's legislative body would have passed the ordinance in question with the admitted invalidity eliminated entirely.

Since the trial court's conclusion was correct, based on constitutional grounds, we do not reach the issue of preemption of the Illinois Highway Advertising Control Act of 1971 (Ill. Rev. Stat. 1985, ch. 121, par. 501 *et seq.*). Accordingly, the trial court is affirmed.

Affirmed.

SULLIVAN, P.J., and LORENZ, J., concur.