JOHN BRENCICK, Plaintiff-Appellee, v. LYNN SPENCER, Defendant-Appellant.

Fifth District   No. 5—88—0217

Opinion filed September 6, 1989.

James C. Ochs, of Harlan & Harlan, of St. Louis, Missouri, for appellant.

Richard Shaikewitz, of Wiseman, Shaikewitz, McGivern, Wahl, Flavin & Hesi, P.C., of Alton, for appellee.

JUSTICE RARICK delivered the opinion of the court:

On October 23, 1985, John Brencick filed a complaint in the circuit court of Madison County against Lynn Spencer seeking to recover damages resulting from an automobile collision. The complaint alleged that on September 24, 1984, while stopped behind a car which was waiting to turn left, Brencick's car was struck from behind by

Spencer's car and knocked into the car in front of it. The complaint further alleged that as a result of the accident, Brencick suffered permanent injury, and sought damages for personal injury, property damage, and lost wages.

Brencick testified at trial that following the accident he began experiencing pain in the lower left portion of his neck. He subsequently sought medical treatment at the emergency room of a local hospital, and later from several doctors, including a chiropractor and eventually a neurosurgeon. Brencick further testified that since the accident he had been unable to play soccer or swim, that he experienced pain several times a day, and that the pain had affected his ability to drive and had caused him difficulty in sleeping.

The evidentiary deposition of Dr. Arbha Vongsvivut, the neurosurgeon who treated Brencick, was admitted into evidence. Dr. Vongsvivut stated that Brencick had first come to him on September 10, 1985, complaining of headaches and neck pains. Dr. Vongsvivut's examination revealed tenderness in the posterior cervical area and limited neck movement. Dr. Vongsvivut prescribed pain medication and had an electromyogram (EMG) performed, which revealed C-6 cervical radiculopathy. Brencick continued to experience pain, and Dr. Vongsvivut had a myelogram and CAT scan performed. The results of both tests were negative as to the existence of a herniated disc. Brencick continued to see Dr. Vongsvivut complaining of headaches and neck pains. Dr. Vongsvivut's final diagnosis was cervical spine strain and cervical radiculopathy. Dr. Vongsvivut also stated in his deposition that Brencick's injury was the cause of his pain, that he would continue to experience pain in the future, and that as a result of this pain Brencick would be disabled, possibly permanently.

At the defendant's request, Brencick was examined by Dr. Ralph Graff, whose evidentiary deposition was also admitted into evidence. Dr. Graff's examination revealed tenderness in the left trapezius which he diagnosed as resulting from a residual soft tissue injury, and he described his findings as "permanent." He also stated that he found no evidence of cervical radiculopathy and that such was incompatible with his findings.

Various medical bills totaling $3,339.54, including a $452 chiropractor's bill, were admitted into evidence. Brencick testified that all of the bills had been paid.

At the conclusion of the nonjury trial, the trial court entered judgment for Brencick in the amount of $45,650. The trial court found that (1) liability was clear; (2) the property damage to Brencick's vehicle, as stipulated by the parties, was $1,650; (3) Dr. Vongsvivut's testi-

mony clearly demonstrated that Brencick's injury was directly related to the accident; (4) Dr. Graff found permanent injury to the trapezius area; (5) Brencick suffered pain in the base of his neck on the left side which prevented him from participating in soccer and swimming; (6) Brencick incurred medical bills in excess of $3,000; and (7) there was insufficient proof of economic deprivation to show wage loss.

Spencer filed a post-trial motion requesting the court to set aside the verdict or, in the alternative, to grant her a new trial. After hearing arguments, the trial court denied the motion.

On appeal, Spencer argues that the trial court abused its discretion in failing to reduce its award for damages. She contends that a trial court may reduce a jury award if the trial court believes that the award was against the manifest weight of the evidence, and that there is nothing to prohibit a trial court in a nonjury case from doing the same. The trial court's award of $44,000 for personal injury was, she maintains, against the manifest weight of the evidence where approximately $1,300 of the $3,379.54 in medical bills was for diagnostic testing which produced negative results. She also makes some vague reference to Brencick's lack of credibility which we believe is directed to the trial court's finding that it was not persuaded by plaintiff that he had suffered any wage loss.

■ The essence of Spencer's argument is that the trial court's decision was against the manifest weight of the evidence. A judgment may be found to be against the manifest weight of the evidence only where the opposite conclusion is apparent or where findings appear to be unreasonable, arbitrary, or not based on the evidence. (*Duffek v. Vanderhei* (1980), 81 Ill. App. 3d 1078, 401 N.E.2d 1145.) Further, in a nonjury case, the judgment of the trial court will be upheld if there is any evidence to support it. *Brown v. Zimmerman* (1960), 18 Ill. 2d 94, 163 N.E.2d 518; *Briggs v. Gaddis* (1985), 133 Ill. App. 3d 704, 479 N.E.2d 350; *Jaffe Commercial Finance Co. v. Harris* (1983), 119 Ill. App. 3d 136, 456 N.E.2d 224.

■ In the present case, there was ample evidence to support the trial court's findings of permanent injury, and future pain and need for medication. The EMG indicated C-6 cervical radiculopathy, both Dr. Vongsvivut and Dr. Graff stated in their depositions that Brencick, a 33-year-old man with a life expectancy of 45 more years, suffered and would continue to suffer, from pain in his lower neck area, and that the condition was permanent. Contrary to Spencer's assertion, the CAT scan and myelogram did not demonstrate the absence of any injury, but only that there was no herniated disc. Although Dr. Graff disagreed with Dr. Vongsvivut's ultimate diagnosis, he too con-

cluded that Brencick had suffered permanent injury. As to Spencer's obscure reference to the issue of Brencick's credibility, our examination of the record leads us to conclude that the trial court's refusal to award lost wages does not reflect any lack of faith in Brencick's testimony with respect to his injury. To reverse the trial court in this case would be nothing more than to substitute our judgment for the trial court's as to the proper amount of damages, which is not our proper function. *Schroeder v. Meier-Templeton Associates, Inc.* (1984), 130 Ill. App. 3d 554, 474 N.E.2d 744; *Gibson v. State Farm Mutual Automobile Insurance Co.* (1984), 125 Ill. App. 3d 142, 465 N.E.2d 689.

■ Spencer also argues that there was no evidence or testimony as to the causal connection between Brencick's injury and the chiropractor's bill. The record does not support this contention. Brencick was asked which doctors he saw and he named Dr. Diesker, the chiropractor. He also testified as to the treatment he received from Dr. Diesker. We find Brencick's testimony sufficient to demonstrate the causal connection between Brencick's injury and Dr. Diesker's bill.

The judgment of the circuit court of Madison County is affirmed.

Affirmed.

LEWIS and HOWERTON, JJ., concur.