SECOND DIVISION
 NOVEMBER 26, 1996

1-95-0608

THE VILLAGE OF SCHAUMBURG, 

 Plaintiff-Appellant,

 v.

JEEP EAGLE SALES CORPORATION, d/b/a
Jeep Eagle of Schaumburg,

 Defendant-Appellee.
) Appeal from the
) Circuit Court of
) Cook County.
)
) No. 93 MC 006408
)
) The Honorable
) Arthur Janura,
) Judge Presiding.
)
)
 JUSTICE DiVITO delivered the opinion of the court:

 Defendant Jeep Eagle Sales Corporation, d/b/a Jeep Eagle of
Schaumburg, displayed 13 American flags on two buildings on its lot
in Schaumburg, Illinois. Plaintiff Village of Schaumburg
(Schaumburg) brought this action, a quasi-criminal complaint,
against defendant, alleging violations of its sign ordinance
(Village of Schaumburg, Ill., Municipal Code title XV,  155
(1993)) (the sign ordinance). At issue in this appeal is whether
the circuit court erred in determining that certain provisions of
the sign ordinance violated the first amendment to the United
States Constitution. For the reasons that follow, we affirm. 
 Defendant is a car dealership located on Golf Road in
Schaumburg, Illinois. It has two buildings on its lot, a main
showroom for new cars and a smaller, used car salesroom. In
September 1993, defendant hung eight American flags from the roof
of its main showroom and five flags from the roof of its used car
building. The four by six foot flags were attached to flag poles
that extended approximately nine feet above the roof.
 In October 1993, Schaumburg filed this action, seeking fines
and an injunction prohibiting defendant from hanging the flags. 
Schaumburg alleged that defendant exceeded the maximum length and
number of flag poles and the maximum number of flags permitted
under the sign ordinance. 
 Pursuant to section 2-619(a)(9) of the Illinois Civil Practice
Law (735 ILCS 5/2-619(a)(9) (West 1992)), defendant moved to
dismiss the complaint on the grounds that portions of the sign
ordinance were unconstitutional. Although defendant admitted to
violating the provisions of the sign ordinance restricting the
number of allowable flags, it claimed that the ordinance, in
addition to the violated provisions, contained an overbroad,
content-based restriction on free speech and expression in
violation of the first amendment. The circuit court held that
certain provisions of the sign ordinance were unconstitutional and
granted the motion to dismiss. Schaumburg appeals.
 I
 Schaumburg asserts that the circuit court erred in finding
that the sign ordinance was unconstitutional. Construction of an
ordinance is a question of law, which is subject to de novo review. 
Village of South Elgin v. City of Elgin, 203 Ill. App. 3d 364, 367,
561 N.E.2d 295 (1990).
 Defendant was charged with violating sections
155.11.02(4)(A)(2) and 155.11.03(5)(A)(2) of the sign ordinance. 
Village of Schaumburg, Ill., Municipal Code title XV,
155.11.02(4)(A)(2), 155.11.03(5)(A)(2) (1993). Those sections,
which apply to "commercial uses" and "automobile dealerships,"
respectively, identically provided in relevant part:
 "Corporate and Official Flags. The display of
 corporate flags and official flags of any
 nation, state or political subdivision shall
 be permitted subject to the following:
 ***
 2). There shall be a maximum of three (3)
 flag poles per zoning lot." Village of
 Schaumburg, Ill., Municipal Code title XV,
 155.11.02(4)(A)(2), 155.11.03(5)(A)(2)
 (1993).
 Official flags are defined as the "official flags of any
nation, state or political subdivision." Village of Schaumburg,
Ill., Municipal Code title XV, 155.11.01(4)(A) (1993).
 The sections that defendant contends are unconstitutional,
sections 155.11.02(4)(B) and 155.11.03(5)(B), likewise apply to
"commercial uses" and "automobile dealerships," respectively. They
provided:
 "The display of any flag other than a
 corporate or official flag shall be considered
 a banner, and such signs are prohibited in
 accordance with Article VI - Prohibited Signs,
 Section 2 - Banners and Pennants." Village
 of Schaumburg, Ill., Municipal Code title XV,
 155.11.02(4)(B), 155.11.03(5)(B) (1993).
 Schaumburg first contends that because defendant did not
violate sections 155.11.02(4)(B) and 155.11.03(5)(B), it lacks
standing to challenge them as unconstitutional. Although defendant
concedes that it did not display a flag other than a corporate or
official flag in violation of the sign ordinance, it contends that
it nevertheless has standing to assert its claim under the doctrine
of overbreadth.
 The general rule of standing is that a litigant has standing
to vindicate only its own constitutional rights. Members of the
City Council v. Taxpayers for Vincent, 466 U.S. 789, 796, 80 L. Ed.
2d 772, 781, 104 S. Ct. 2118, 2124 (1984). Where the very
existence of a broadly written statute may have a deterrent effect
on free expression, however, the statute is subject to challenge by
a party whose conduct may be unprotected. Taxpayers for Vincent,
466 U.S. at 798, 80 L. Ed. 2d at 782, 104 S. Ct at 2125. 
 Here, as discussed below, sections 155.11.02(4)(B) and
155.11.03(5)(B) impermissibly distinguish corporate and official
flags from all other flags. Because the sign ordinance attaches
sanctions to the display of certain flags, the likelihood that such
displays will be deterred is great. See Taxpayers for Vincent, 466
U.S. at 800 n.19, 80 L. Ed. 2d at 783 n.19, 104 S. Ct. at 2126
n.19. Defendant therefore has standing to challenge sections
155.11.02(4)(B) and 155.11.03(5)(B) as violative of the first
amendment, notwithstanding that those provisions were not applied
to him. Accord Dimmitt v. City of Clearwater, 985 F.2d 1565, 1571
(11th Cir. 1993).
 Our multi-layered inquiry next requires that we determine the
type of protected conduct or expression, if any, the sign ordinance
regulates. Schaumburg asserts that because defendant is using the
flag display strictly for commercial purposes, it is not conveying
the type of expressive message protected by the first amendment. 
Although the parties disagree as to whether defendant's conduct was
protected by the first amendment, we need not make that
determination. Where, as here, a defendant makes a facial
challenge to a statute on overbreadth grounds, the relevant
question is broader--whether "the statute's very existence may
cause others not before the court to refrain from constitutionally
protected speech or expression." Broadrick v. Oklahoma, 413 U.S.
601, 612, 37 L. Ed. 2d 830, 840, 93 S. Ct. 2908, 2916 (1973).
 In urging that we assume that the sign ordinance plainly
reaches noncommercial expression, defendant relies heavily on
Dimmitt v. City of Clearwater, 985 F.2d 1565, 1571 (11th Cir.
1993). In that case, the court held unconstitutional a sign
ordinance adopted by the City of Clearwater, Florida, that required
a permit to erect a sign, which was defined as "any writing,
picture, symbol [or] banner *** used to convey information." 
Dimmitt, 985 F.2d at 1568. Exempted from the permit requirement
were flags representing a governmental unit or body, one per
residence, two per nonresidential property. Dimmitt, 985 F.2d at
1568. The court found that because the Clearwater ordinance
applied to virtually any form of graphic communication that was
publicly displayed, it plainly reached noncommercial expression. 
Dimmitt, 985 F.2d at 1569. 
 Here, as in Dimmitt, the sign ordinance reaches not only
expressive conduct, such as flying an American flag, but also pure
expression, such as the display of a flag containing a written
message. Thus, the sign ordinance must be justified under one of
the tests applicable to expression.
 Because the sign ordinance does not apply to residential
property, we turn to the question of whether it regulates
noncommercial or commercial expression. If the expression
regulated by the sign ordinance is solely commercial in nature,
analysis under the less stringent review outlined in Central Hudson
Gas & Electric Corp. v. Public Service Comm'n, 447 U.S. 557, 65 L.
Ed. 2d 341, 100 S. Ct. 2343 (1980), would be proper. Under that
test, the government must show that it has a substantial interest,
the regulation directly advances that interest, and the regulation
is not more extensive than necessary to serve that interest. 
Central Hudson, 447 U.S. at 566, 65 L. Ed. 2d at 351, 100 S. Ct.
at 2351. 
 Commercial speech is speech that proposes a commercial
transaction. Board of Trustees of the State University v. Fox, 492
U.S. 469, 482, 106 L. Ed. 2d 388, 405, 109 S. Ct. 3028, 3036
(1989). It is expression related solely to the economic interests
of the speaker. Central Hudson, 447 U.S. at 561, 65 L. Ed. 2d at
348, 100 S. Ct. at 2349. It cannot be said that every flag flown
by a commercial entity necessarily proposes a commercial
transaction or is related solely to its economic interests. Thus,
the sign ordinance must be deemed to reach noncommercial
expression. 
 Having determined that the sign ordinance reaches
noncommercial expression, we must decide whether it is content-
based or content-neutral, and then apply the proper level of
scrutiny. City of Ladue v. Gilleo, 512 U.S. , , 129 L. Ed.
2d 36, 50, 114 S. Ct. 2038, 2047 (1994) (O'Connor, J.,
concurring). "As a general rule, laws that by their terms
distinguish favored speech from disfavored speech on the basis of
the ideas or views expressed are content-based. [Citations.] By
contrast, laws that confer benefits or impose burdens on speech
without reference to the ideas or views expressed are in most
instances content-neutral." Turner Broadcasting System, Inc. v.
Federal Communications Comm'n, 512 U.S. , , 129 L. Ed. 2d
497, 518, 114 S. Ct. 2445, 2459 (1994).
 Here, although Schaumburg justifies the sign ordinance as a
content-neutral "effort to control visual clutter, preserve
aesthetics and prevent traffic problems," sections 155.11.02(4)(B)
and 155.11.03(5)(B) facially discriminate between official and
corporate flags and all others. Because the permissibility of a
flag is dependent upon the nature of the message conveyed, the sign
ordinance must be deemed content-based. See Regan v. Time, Inc.,
468 U.S. 641, 648, 82 L. Ed. 2d 487, 494, 104 S. Ct. 3262, 3267
(1984).
 A content-based restriction on noncommercial expression must
be "necessary to serve a compelling state interest." Perry
Education Ass'n v. Perry Local Educators' Ass'n, 460 U.S. 37, 45,
74 L. Ed. 2d 794, 804, 103 S. Ct. 948, 955 (1983). Traffic safety
and visual aesthetics are not the sort of compelling state interest
required to justify a content-based restriction on expression. 
Dimmitt, 985 F.2d at 1570.
 We recognize that Schaumburg has a legitimate interest in
regulating the physical characteristics of flag displays. In
reasoning we find applicable to flags, the United States Supreme
Court stated: "While signs are a form of expression protected by
the Free Speech Clause, they pose distinctive problems that are
subject to municipalities' police powers. Unlike oral speech,
signs take up space and may obstruct views, distract motorists,
displace alternative uses for land, and pose other problems that
legitimately call for regulation." City of Ladue, 512 U.S at ,
129 L. Ed. 2d at 42-43, 114 S. Ct. at 2041. Regulation of signs,
however, is permissible only within reasonable bounds and absent
censorial purpose. City of Ladue, 512 U.S. at , 129 L. Ed. 2d
at 43, 114 S. Ct. at 2041. Here, although Schaumburg may
legitimately regulate the physical characteristics of flags, it
demonstrates an impermissible censorial purpose by selectively
discriminating on the basis of the flags' content. 
 In short, because only extraordinary circumstances justify a
content-based regulation on free expression, sections
155.11.02(4)(B) and 155.11.03(5)(B) of the sign ordinance do not
pass constitutional muster when justified on the basis that they
promote traffic safety and visual aesthetics. Accordingly, we
conclude that the challenged sections of the sign ordinance are
unconstitutional restrictions on free expression. Accord Dimmitt,
985 F.2d at 1569.
 Schaumburg contends that because it has not been given a
hearing in which to assert its interests, the circuit court was
premature in dismissing its claim under section 2-619 of the Civil
Practice Law (735 ILCS 5/2-619(a)(9) (West 1992). Schaumburg
argues that there are genuine issues of material fact as to the
reasonableness of sections 155.11.02(4)(B) and 155.11.03(5)(B). 
Reasonableness, however, is not the relevant inquiry in this case. 
Rather, Schaumburg bears the heavy affirmative obligation of
showing that the sign ordinance was necessary to serve a compelling
state interest. Schaumburg's asserted interests are insufficient
to meet that burden. Furthermore, because this case involves a
facial challenge to the ordinance, any question of fact as to
defendant's conduct is irrelevant. Accordingly, there are no
issues of fact that merit an evidentiary hearing and dismissal
under section 2-619 was proper. See Purlee v. Liberty Mutual Fire
Insurance Co., 260 Ill. App. 3d 11, 19, 631 N.E.2d 433 (1994),
appeal denied, 157 Ill. 2d 521, 642 N.E.2d 1302 (1994)
(construction of a code is a question of law appropriate for
summary resolution).

 II
 Having determined that sections 155.11.02(4)(B) and
155.11.03(5)(B) are impermissible, content-based restrictions on
free speech and expression, we turn to the question of whether they
are severable from the other provisions relating to the regulation
of flags, sections 155.11.02(4)(A) and 155.11.03(5)(A). Schaumburg
contends that sections 155.11.02(4)(B) and 155.11.03(5)(B) are
severable because restrictions on the type of flags have nothing to
do with restrictions on their number and height. 
 Where a court determines that an ordinance is partially
invalid, it may sever the valid portions from the invalid. Outdoor
Media, Inc. v. Village of Bellwood, 162 Ill. App. 3d 1041, 1045,
516 N.E.2d 419 (1987), appeal denied, 119 Ill. 2d 559, 522 N.E.2d
1247 (1988). If the portion that has not been stricken is complete
and capable of being executed, it will be held valid unless it can
be shown that the statute would not have been passed with the
invalid portion eliminated. Outdoor Media, 162 Ill. App. 3d at
1045. If a court cannot say that the ordinance would have been
passed with the invalid portions eliminated, the entire ordinance
must be invalidated. Outdoor Media, 162 Ill. App. 3d at 1045.
 Although sections 155.11.02(4)(A) and 155.11.03(5)(A) are
complete and capable of being executed, they are not severable. 
Those sections regulate the display of corporate flags and official
flags. If sections 155.11.02(4)(A) and 155.11.03(5)(A) are left
standing alone, the effect would be to regulate corporate and
official flags, but not all others. In other words, although
defendant could fly at most three American flags, it could mount as
many purple dinosaur flags as it wanted, of any size, and at any
height, without being subject to regulation by the sign ordinance. 
Thus, rather than favoring corporate and official flags as the sign
ordinance originally intended, a severed ordinance would
discriminate against them. That result would be inconsistent with
the legislative determination evinced by sections 155.11.02(4)(B)
and 155.11.03(5)(B) that flags other than corporate and official
flags should not be flown. Accordingly, we cannot say that
sections 155.11.02(4)(A) and 155.11.03(5)(A) would have been passed
with sections 155.11.02(4)(B) and 155.11.03(5)(B) eliminated. The
invalid sections are not severable and sections 155.11.02(4)(A) and
155.11.03(5)(A) must be held to be invalid. 
 The judgment of the circuit court is affirmed.
 Affirmed.
 SCARIANO and BURKE, JJ., concur.