SHEILA BLAYLOCK, Plaintiff-Appellee, *v.* COUNTRY MUTUAL INSURANCE COMPANY, Defendant-Appellant.

First District (2nd Division) No. 79-767

Opinion filed June 24, 1980.

John T. Burke, of Chicago (David O. Lehman and Michael J. Fennell, of counsel), for appellant.

Hugo Arquilla, of Oak Lawn, for appellee.

Mr. JUSTICE HARTMAN delivered the opinion of the court:

In a complaint filed on July 6, 1977, plaintiff alleged that she had unknowingly purchased a stolen car for $8,500 which was later confiscated by police, and that defendant insurance company was now liable to her for that amount under a comprehensive automobile insurance policy she purchased from it. Defendant's answer denied such coverage under the policy. Both parties moved for summary judgment on liability: defendant's motion was denied and plaintiff's motion was allowed. The parties thereafter stipulated that the value of the car was $8,500. Defendant asserts on appeal that summary judgment was improperly granted to plaintiff because plaintiff's good faith was a disputed fact, the contract's coverage does not include title insurance, and the policy was void because issued under a mutual mistake of fact. For the following reasons, we affirm.

In a deposition taken of plaintiff by defendant, she stated that she had been a bartender at a restaurant for several years and was so employed on October 5, 1976, when she mentioned to a customer, one Tony Lamorcke, that she had recently sold her car and was looking for another one. He told her that he was selling a 1975 Lincoln Continental for $8,500. She went outside to look at it. She called two banks and was informed by one that a 1975 Continental had a value of from "nine * * * [to] ninety-four." The other bank estimate was close to that. She applied for and received a personal loan from the Orland Bank for $1,100. She agreed to purchase the car from Lamorcke and tendered to him a personal check for $8,500. Lamorcke refused the check and demanded cash. She understood this because she had also demanded cash when she had just previously sold her own car. On October 6, the next day, Lamorcke returned to the restaurant and she gave him the $8,500 in cash, for which he gave her a written receipt, filed as an exhibit. He then put new license plates on the car and he gave her an automobile license registration card, and title to

the car which ostensibly had been issued by the Secretary of State in her name. He explained that he had procured this title for her the day before. The only time she had ever seen Lamorcke was during this two-day transaction. On January 3, 1977, the police informed her that she had purchased a stolen car, then took possession of the car from her. It was never returned. The registration card was subsequently confiscated by the Secretary of State.

Affidavits were filed by plaintiff in support of her motion for summary judgment but were never made part of the record. They are described by defendant as purporting to have developed other sources of funds made available to plaintiff for the purchase of the car in the form of gifts or loans from her ex-fiance and a half-sister. An affidavit was also submitted by defendant's supervisor of personal lines underwriting to the effect that defendant would only issue a policy of the type issued to plaintiff if she was the owner of, or lessee under a specific lease for, the insured vehicle.

Summary judgment is properly granted only where there is no genuine, triable issue of material fact and the moving party is entitled to judgment as a matter of law. (*Nolan v. Johns-Manville Asbestos & Magnesia Materials Co.* (1979), 74 Ill. App. 3d 778, 392 N.E.2d 1352; *Gordon v. Oak Park School District No. 97* (1974), 24 Ill. App. 3d 131, 134, 320 N.E.2d 389.) Where reasonable men cannot draw different inferences from undisputed facts, summary judgment should be allowed. (*Century Display Manufacturing Corp. v. D. R. Wager Construction Co.* (1977), 46 Ill. App. 3d 643, 648, 360 N.E.2d 1346; *Peltz v. Chicago Transit Authority* (1975), 31 Ill. App. 3d 948, 951, 335 N.E.2d 74.) Defendant maintains that two facts raise a reasonable inference of plaintiff's bad faith so that summary judgment was improvidently granted. First, defendant asserts, plaintiff's deposition testimony indicated that she was a bartender and had only borrowed $1,100 from the bank, which reasonably raises the inference that she could not have had access to $8,500 on a day's notice; therefore, she probably paid less than this amount with knowledge that the car was stolen. We fail to see how this inference can reasonably be drawn. It cannot be said that the nature of one's employment plus the failure to borrow $8,500 from a bank raises a reasonable inference that a purchaser was unable to pay $8,500 for a car. Defendant never established, nor does the record otherwise show, that plaintiff was without other means of acquiring $8,500, such as from savings accounts, bonds, other liquid assets, or loans from friends or family.

● 1 The second indicium of plaintiff's bad faith claimed by defendant is an inference to be drawn from plaintiff's acceptance from Lamorcke of a title certificate which was already in her name. The proper procedure for parties to transfer an automobile title, defendant observes, is for the

seller-owner to sign his certificate of title and then assign it to the buyer in the space provided for that purpose on the certificate. Within fifteen days after assignment, the purchaser must apply to the Secretary of State for a new certificate of title in the purchaser's name. (Ill. Rev. Stat. 1977, ch. 95½, pars. 3—112, 3—116.) Defendant concludes that plaintiff's failure to follow this statutory procedure raises the inference that she knew the car was stolen. This contention is not well founded in light of plaintiff's testimony that she was unfamiliar with the procedures of title transfer and had no reason to doubt Lamorcke's tender of a certificate of title on its face apparently issued by the Secretary of State in her name. A reasonable inference of bad faith does not arise under these facts; entry of summary judgment was therefore proper. *Gordon v. Oak Park School District No. 97.*

Defendant's reliance upon *State Farm Mutual Automobile Insurance Co. v. Short* (1970), 125 Ill. App. 2d 97, 260 N.E.2d 415, in this context of plaintiff's alleged bad faith is misplaced. In *Short*, evidence was adduced on both sides of the issue of whether or not the driver of the insured automobile was a member of the insured's household for purposes of coverage under the policy. No evidence has been identified in the case at bar demonstrating the presence of a factual issue of plaintiff's good faith purchase of the automobile in question.

■■ Defendant next contends that the insurance contract at bar did not extend to title insurance coverage, whereas plaintiff argues that the comprehensive coverage clause is broad enough to include loss resulting from faulty title. The comprehensive coverage section of the policy in the present case is quite similar to that at issue in *Reznick v. Home Insurance Co.* (1977), 45 Ill. App. 3d 1058, 1062, 360 N.E.2d 461. Here, the policy provides that the insurer would "pay for loss caused other than by collision * * *." The instant policy then proceeds to specifically list a number of occurrences as not being within the definition of collision as in *Reznick*, none of which are applicable to these facts. As was said in *Reznick*, "* * * anyone purchasing the comprehensive coverage offered by this policy would be justified in a belief that any loss except a loss by collision * * * would be covered by the comprehensive provision." (45 Ill. App. 3d 1058, 1062.) Defendant's argument that the exclusion for governmental confiscation is applicable here is also not convincing. That section provides that "the policy does not apply to loss or damage * * * which may be caused by war, declared or undeclared, invasion, directly or indirectly, insurrection, civil war, military or usurped power or to confiscation by duly constituted governmental or civil authority." Reading this exclusion in context, it is clear that it was not meant to exclude the temporary assertion of authority by police over a stolen car in order to return it to its owner.

Defendant insists that *Allstate Insurance Co. v. National Tea Co.* (1975), 25 Ill. App. 3d 449, 323 N.E.2d 521, should control the outcome of this case rather than *Reznick*, because a similar mutual mistake of fact was recognized in *National Tea* under the insurance coverage there provided, as it is in the present case, whereas no such theory was advanced or considered by *Reznick*. We cannot agree. In *National Tea*, an express representation was made by the insured as to the existence of a sprinkler system in one of its stores which had never been installed. In the case before us, unlike *National Tea*, plaintiff was not required to assert, demonstrate or prove as a fact, clear title to the automobile she sought to insure. Nothing in the policy issued shows her to be the "owner" thereof; she is mentioned only as the "insured." As a person having the possession, use and benefit of the car, as well as a certificate of title, she was not required by defendant to make further inquiry before a policy of insurance would issue. See *Lieberman v. Hartford Fire Insurance Co.* (1972), 6 Ill. App. 3d 948, 949-50, 287 N.E.2d 38.

The affidavit of defendant's underwriting supervisor that no policy would have been issued to her by defendant absent "actual" or "legal ownership" finds no support in the contract of insurance written by defendant. That document could just as easily have made such a fact a condition precedent to the coverage otherwise apparently provided. Other considerations raised by defendant, such as the spectre of increased premiums in order to continue such coverage and the impact of *Reznick* upon the concepts of individual responsibility and duty to comply with the law are extraneous to the issues here presented. Defendant need only make explicit its noncoverage of such a situation; if this is made clear, no new or additional premiums would be occasioned. As to compliance with law, we see nothing in the record before us which supports an inference that plaintiff was somehow guilty of its violation. No cogent or otherwise persuasive reason is given in support of defendant's last argument, that *Reznick* be given only prospective effect. Accordingly, we are obliged to find this contention also without merit.

For the reasons set forth, we can identify no error in the entry of summary judgment for plaintiff by the trial court and we therefore affirm.

Affirmed.

PERLIN, P. J., and STAMOS, J., concur.