TECHNICAL REPRESENTATIVES, INC., Plaintiff-Appellant and Cross-Appellee, v. RICHARDSON-MERRELL, INC., Defendant-Appellee and Cross-Appellant.—(LESTER SCHEDIN, Defendant-Appellee.)

First District (1st Division)    No. 81-1902

Opinion filed July 6, 1982.

Hamilton Smith and Mark L. Yeager, both of McDermott, Will & Emery, of Chicago, for appellant.

Michael R. Hassan and Hugh C. Griffin, both of Lord, Bissell & Brook, of Chicago, for appellees.

JUSTICE McGLOON delivered the opinion of the court:

Technical Representatives, Inc. (plaintiff), entered into a sales representative agreement with defendant Richardson-Merrell, Inc. Richardson-Merrell terminated the agreement on June 30, 1974. Defendant Lester Schedin was employed by plaintiff prior to June 30, 1974. On July 1, 1974, he began working for Richardson-Merrell. Plaintiff filed suit against Richardson-Merrell for: commissions on shipments made after June 30, 1974, pursuant to orders received before that date (count I); and commissions on sales of which plaintiff was the procuring cause, but which were made after the termination (count II). It filed suit against both Richardson-Merrell and Schedin for: damages on the theory that Schedin persuaded Richardson-Merrell to terminate the agreement and that Richardson-Merrell aided Schedin in the breach of his duty of loyalty (count III); and damages on the theory that Richardson-Merrell and Schedin conspired to maliciously interfere with plaintiff's contract rights (count IV). The trial court granted summary judgment for Richardson-Merrell and Schedin on counts III and IV. On count I, the trial court entered an order in favor of plaintiff. On count II, it entered an order in favor of Richardson-Merrell. Plaintiff appeals and Richardson-Merrell cross-appeals.

On appeal, plaintiff argues that the trial court erred in granting summary judgment for Richardson-Merrell and Schedin on counts III and IV and in entering an order in favor of Richardson-Merrell on count II. In its cross-appeal, Richardson-Merrell contends that the trial court erred in entering an order in favor of plaintiff on count I.

We affirm.

In its capacity as a sales representative, plaintiff sells the products of various manufacturers and receives commissions on its sales. In March of 1973, plaintiff and Richardson-Merrell (R-M) entered into an agreement pursuant to which plaintiff was to sell luminate molded plastic parts which R-M manufactured. Defendant Lester Schedin was the sales representative assigned to handle R-M's account.

Under the sales representative agreement, plaintiff was entitled to receive a 7% commission on sales during the period of the agreement. The expiration date of the agreement was June 30, 1974. Thirty days' written notice was required if either party chose not to extend the agreement beyond June 30, 1974.

In April of 1974, defendant Schedin told Theodore Stoughton, defendant R-M's sales manager, that he intended to leave the employ of plaintiff and start his own sales agency. Schedin asked Stoughton to consider him as a replacement. On May 24, 1974, Schedin notified Harry Irwin, president of plaintiff corporation, of his intention to leave plaintiff's employ. On May 28, 1974, R-M officially informed plaintiff that it would not renew the sales representative agreement. On July 1, 1974 Schedin assumed the position plaintiff had held as R-M's sales representative.

The trial court granted defendants' motion for summary judgment on counts III and IV and entered judgment in defendant R-M's favor on count II. On count I, the trial court entered judgment in favor of plaintiff in the amount of $2,771.03.

First, we will address plaintiff's argument that the trial court erred in granting defendants' motion for summary judgment on counts III and IV of plaintiff's complaint. In count III plaintiff alleged that: in February 1973, plaintiff hired defendant Schedin to assist in the representation of certain customers including defendant R-M; at a meeting on or about May 6, 1974, between Schedin and one or more representatives of R-M, Schedin persuaded R-M not to renew its agreement with plaintiff and to hire Schedin as its (R-M's) representative; Schedin breached his duty of loyalty to plaintiff and R-M aided him in breaching that duty.

In count IV, plaintiff alleged that Schedin was aware of the business relationship between plaintiff and R-M; at a meeting on or about May 6, 1974, Schedin intentionally interfered with the business relationship be-

tween plaintiff and R-M by persuading R-M not to renew the agreement with plaintiff; in participating in the meeting and agreeing that Schedin would be employed by R-M as its representative, defendants engaged in a conspiracy to intentionally interfere with the business relationship between plaintiff and R-M.

A plaintiff is not required to prove its case at the summary judgment stage. A plaintiff must, however, present some facts to support the elements of its claim. *Mateika v. La Salle Thermogas Co.* (1981), 94 Ill. App. 3d 506, 418 N.E.2d 503; *Blaylock v. Country Mutual Insurance Co.* (1980), 85 Ill. App. 3d 1042, 407 N.E.2d 849.

Defendants' motion for summary judgment on counts III and IV was based upon deposition excerpts. The deposition testimony of plaintiff's president, Harry Irwin, reveals that Stoughton had informed him that Schedin planned to start his own business and that he desired to represent R-M. Thus, plaintiff's allegation that Schedin "persuaded" R-M not to renew its contract with plaintiff was pure speculation.

■■ Schedin did not work for R-M while he was still employed by plaintiff. His contract with R-M began after he left plaintiff's employ and after plaintiff's contract with R-M had expired. Even if Schedin did tell R-M that he wanted to replace plaintiff as R-M's sales representative, he was engaging in proper business competition by lawful means. (See generally *Ellis & Marshall Associates, Inc. v. Marshall* (1973), 16 Ill. App. 3d 398, 306 N.E.2d 712; *Revcor, Inc. v. Fame, Inc.* (1967), 85 Ill. App. 2d 350, 228 N.E.2d 742.) The trial court, therefore, was correct in granting defendants' motion for summary judgment on counts III and IV.

Second, plaintiff argues that the trial court erred in entering judgment in defendant R-M's favor on count II. In count II, plaintiff alleged that it was entitled to commissions on certain sales made after the expiration date of the agreement between plaintiff and R-M. Plaintiff maintains that it was the procuring cause of those sales and, as such, was entitled to commissions on those sales.

The procuring cause rule has been stated in *Richer v. Khoury Brothers* (7th Cir. 1965), 341 F.2d 34, and *Heuvelman v. Triplett Electrical Instrument Co.* (1959), 23 Ill. App. 2d 231, 161 N.E.2d 875. Under the rule, a party may be entitled to commissions on sales made after the termination of a contract if that party procured the sales through its activities prior to termination. The rule applies, however, only if the contract does not expressly provide when commissions will be paid.

■■ The contract involved in the instant case expressly provided that plaintiff would receive commissions "on sales during the period of this agreement." The contracts considered in *Richer* and *Heuvelman* contained no such language. The procuring cause rule is inapplicable here,

and the trial court, therefore, did not err in finding that plaintiff was not entitled to commissions on sales made after the June 30, 1974, expiration date of the agreement.

In its cross-appeal, defendant R-M argues that the trial court erred in entering judgment in plaintiff's favor on count I of the complaint. Plaintiff was awarded $2,131.56 in commissions for orders obtained before but not shipped until after the June 30, 1974, expiration date. Defendant contends that a sale does not take place until the goods are actually shipped and plaintiff, therefore, is entitled to no commissions on sales of goods shipped after the expiration date. To support this contention, R-M quotes the deposition testimony of Harry Irwin. R-M states that Irwin admitted that "for purposes of commission payment a sale was not considered as having occurred until the goods were shipped." A review of Irwin's testimony, however, shows that he said nothing specifically regarding when a sale occurs. He simply stated that plaintiff was paid upon the shipment of merchandise and that if something were sold but not shipped there would be no commission.

■■ The contract provided that plaintiff was entitled to a 7% commission "on sales during the period of this agreement." R-M has advanced no convincing argument as to why a sale should not be considered to have been made until the goods are shipped. We find, therefore, that the trial court did not err in awarding plaintiff $2,131.56 in commissions for those sales.

■■ Finally, in its cross-appeal, defendant R-M argues that the trial court erred in awarding plaintiff $639.47 in prejudgment interest. The Illinois interest statute provides that "[c]reditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing * * *." (Ill. Rev. Stat. 1979, ch. 74, par. 2.) Citing *Russell v. Klein* (1977), 46 Ill. App. 3d 660, 361 N.E.2d 65, R-M argues that since there was a good faith dispute as to whether payment was due, an award of prejudgment interest was inappropriate. Cases subsequent to *Russell* have held that the existence of a good faith dispute has no applicability to cases involving instruments in writing. (See *E.M. Melahn Construction Co. v. Village of Carpentersville* (1981), 100 Ill. App. 3d 544, 427 N.E.2d 181; *KFK Corp. v. American Continental Homes, Inc.* (1979), 71 Ill. App. 3d 304, 389 N.E.2d 232; *Haas v. Cravatta* (1979), 71 Ill. App. 3d 325, 389 N.E.2d 226.) The contract involved herein was an instrument in writing. We choose to adopt the reasoning used in the more recent prejudgment cases. Additionally, we note that R-M has failed to point out any evidence in the record which would support its contention that it withheld payments in good faith. Accordingly, we find that the trial court's award of $639.47 in prejudgment interest was appropriate.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

CAMPBELL, P. J., and GOLDBERG, J., concur.