PUBLISHERS RESOURCE, INC.,
Plaintiff-Appellee,

v.

WALKER–DAVIS PUBLICATIONS,
INC., Defendant-Appellant.

No. 84–1515.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 18, 1985.

Decided May 22, 1985.

James T. FitzGibbon, James T. FitzGibbon, P.C., Chicago, Ill., for defendant-appellant.

Richard M. Franklin, Baker & McKenzie, Chicago, Ill., for plaintiff-appellee.

Before CUDAHY and COFFEY, Circuit Judges, and GRANT, Senior District Judge.*

CUDAHY, Circuit Judge.

Defendant-appellant Walker-Davis Publications, Inc. ("Walker-Davis") appeals a grant of summary judgment on the issue of damages in favor of Publishers Resource, Inc. ("Publishers Resource"). This breach of contract case, controlled by Illinois law, is before this court for the second time; previously we addressed various issues relating to the liability phase of the suit and reversed and remanded for consideration of the appropriate amount of damages. *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 692 F.2d 1143 (7th Cir. 1983). Because the facts are detailed in that opinion, we only summarize them briefly here.

Publishers Resource is an independent sales representative which is retained by publishers to sell advertising space in their magazines. Walker-Davis publishes various trade magazines. In 1974, the parties agreed that Publishers Resource would serve as the exclusive representative for Walker-Davis in a midwestern area and would solicit and service advertising accounts for some of Walker-Davis' journals. Their contract provided that Walker-Davis would pay Publishers Resource commissions based on revenues from the sale of the advertisements. On September 30, 1977, Walker-Davis ended the relationship, claiming that Publishers Resource had breached the contract by making inadequate sales efforts. Publishers Resource denied that it had breached the contract, and brought suit to recover commissions that it claimed were owed to it pursuant to the termination provisions of the contract. After a bench trial, during which evidence relating to both liability and damages was presented, the district court found that Walker-Davis had terminated the agreement for cause, and so Publishers Resource was only entitled to restitution for work done prior to the time that Walker-Davis had terminated the agreement. Publishers Resource appealed that decision, and a panel of this court reversed, holding that Walker-Davis had not had cause to repudiate the contract and so the contract's termination provisions applied. The panel then remanded for a determination of damages under the contractual provisions governing commissions due to Publishers Resource upon termination by Walker-Davis.

On remand, Publishers Resource moved for summary judgment on the issue of damages. Walker-Davis opposed the mo-

* The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

tion, on two grounds. First, it argued that since the case had been remanded for a "new trial on the issue of damages," summary judgment was precluded as a matter of law by the mandate of this court. Second, Walker-Davis contended that it was entitled to present evidence on Publishers Resource's duty to mitigate damages. The district court rejected both these arguments and, finding that no genuine issue of material fact existed, granted Publishers Resource summary judgment and awarded it $111,173.28, representing commissions owed, plus interest.

Walker-Davis then moved for reconsideration, rearguing the new trial and mitigation of damages issues, but also raising three new bases for vacating the grant of summary judgment for Publishers Resource. Walker-Davis argued that the effective termination date of the contract was earlier than the district court had found, damages had been incorrectly computed under the contract and prejudgment interest should not have been awarded, and that because "serious factual disputes" on these questions existed, summary judgment had been inappropriate. The district court denied the motion for reconsideration, concluding that the three new arguments were not well taken, since they had not been presented in response to the plaintiff's motion for summary judgment, and in any event lacked merit. Walker-Davis now appeals the district court's order granting Publishers Resource summary judgment and awarding it damages and interest.

■ We first consider issues that Walker-Davis presented in opposition to Publishers Resource's motion for summary judgment. Walker-Davis contends that because this court previously remanded "for a new trial on the issue of damages," the district court was without power to decide the damages issue on a motion for summary judgment. Although Walker-Davis cites no authority for this proposition, it notes that Publishers Resource argued in the prior appeal that it was entitled to the same amount of damages that was eventually awarded. Therefore, since this court did

not award the requested damages, but instead remanded the case, Walker-Davis infers that this court believed material factual disputes existed that would necessitate a new trial.

We do not find this argument persuasive. The panel's opinion did not address whether material issues of fact existed with regard to damages nor did it discuss the parties' contentions on damages. The opinion merely quoted the applicable contractual provision governing commissions due upon termination of the contract, and remanded on this issue. Under such circumstances, the fact that the last line of the opinion remanded for a "new trial" on damages does not persuade us that the panel intended to convey that a "trial" would be necessary. Several other portions of the opinion refer to a remand merely for a "determination of damages," consistent with the opinion, 692 F.2d at 1144, and according to the contractual provisions, *id.* at 1147. Of course such language is broad enough to encompass a summary judgment.

■ Moreover, only in a rare case would we determine the appropriate amount of damages before the district court had an opportunity to do so. It is the district court's function to resolve questions such as whether material factual disputes about damages exist and whether prejudgment interest is appropriate, so a remand to it on these questions carries no implication that we have prejudged them. *Cf. Shelkofsky v. Broughton,* 388 F.2d 977 (5th Cir.1968) (remand for a jury trial does not mandate submission of case to jury if otherwise inappropriate). Where no material factual issues are present, a summary judgment proceeding is the functional equivalent of a new trial; under such circumstances a full-scale trial is neither necessary nor helpful. *See Keene Corp. v. International Fidelity Ins. Co.,* 561 F.Supp. 656, 666 (N.D.Ill.1982) (summary judgment motion is substitute for trial where material facts not in dispute), *aff'd,* 736 F.2d 388 (7th Cir.1984). We find no

reason to believe this court's prior opinion was meant to imply otherwise.

▉ Walker-Davis also argued below in opposition to the summary judgment motion that it was entitled to a trial to present evidence on Publishers Resource's obligation to "mitigate damages." Initially we note that this issue is probably waived on appeal. Walker-Davis' main brief does not refer to this question in its "issues presented for review" section nor does it discuss it; therefore the issue was not properly presented for review. *See Cannon v. Teamsters & Chauffeurs Union*, 657 F.2d 173, 177 (7th Cir.1981). In any event, as the district court concluded, this argument is without merit. As a matter of law, Publishers Resource had no duty to mitigate damages. This is not a situation in which a plaintiff's claim is for lost earnings, as in a wrongful discharge case. In such a case, a plaintiff generally may not sit back and let damages mount, but has a duty to mitigate damages by making an effort to secure replacement employment. Here, on the other hand, plaintiff simply claims the amount of commissions owed to it under the contract; Walker-Davis' obligation to pay these commissions would in no way be affected by the amount of income Publishers Resource was able to produce from other sources. Publishers Resource thus did not have any duty to mitigate that could be the subject of evidence at a new trial. *See Stein v. Malden Mills, Inc.*, 9 Ill.App.3d 266, 292 N.E.2d 52 (1st Dist.1972) (rejecting mitigation of dam-

ages argument in virtually identical circumstances).

▉ Under the termination provisions of the contract, Publishers Resource was entitled to commissions on all advertising contracts in effect on the effective date of termination throughout the life of the contracts to a maximum of 12 months from the termination date; as a result, it was entitled to receive commissions for advertising that appeared long after it ceased to act as Walker-Davis' sales representative. Although referred to as mitigation of damages, many of Walker-Davis' contentions really boil down to an equitable argument that it is unfair for it to have to pay commissions to Publishers Resource after Walker-Davis terminated the representation. The ostensible reason for this conclusion is that Publishers Resource did not have to incur any costs associated with obtaining the commissions, and Walker-Davis paid commissions to others for the same advertising. At the very least, Walker-Davis contends, it should only have to pay post-termination commissions on advertising for which Publishers Resource was the procuring cause. The short answer to Walker-Davis' argument is that any unfairness is the result of its freely-negotiated bargain with Publishers Resource. Obviously, the terms of the contract control, and it is not our function to rewrite them according to our own notions of fairness. *Stein v. Malden Mills, Inc.*, 9 Ill.App.3d at 270–71, 292 N.E.2d at 57.[1]

▉ Walker-Davis has raised several other arguments on appeal which it con-

---

**1.** A somewhat longer (although unnecessary) answer is that it is far from clear that this sort of contractual provision, providing that commissions on advertising from given sources are payable even after termination, is unfair to publishers. Advertising that appears in a magazine on a given date often is the result of a sales representative's long-term attempts to develop a relationship with an advertiser, and the publisher may continue to reap the benefits of that relationship long after the sales representative discontinues its efforts and another representative begins servicing the accounts. Precisely how much of those benefits should be shared with the original sales representative in the form of commissions is a matter for agreement

of the parties. *See Stein v. Malden Mills, Inc.*, 9 Ill.App.3d at 270–71, 292 N.E.2d at 57. We note, however, that in the absence of any provision for commissions following termination, a publisher could simply wait for a sales representative to solicit substantial advertising and then terminate it prior to paying commissions. Since the representative presumably would not have received compensation for its efforts prior to securing the advertising contracts, this result might also seem "unfair." The contractual termination provision at issue here appears to be merely one reasonable method for minimizing the risk to the sales representative of such an unfair termination.

tends involve material issues of fact that make the entry of summary judgment improper. Although not clearly delineated, Walker-Davis apparently disputes two of the district court's conclusions relating to damages—the calculation of the "effective termination date" under the contract and the amount of commissions payable thereafter—as well as the award of prejudgment interest. None of these issues were raised in response to Publishers Resource's summary judgment motion; they were only argued in support of Walker-Davis' motion to reconsider. However:

> Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. *Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion.* The non-movant has an affirmative duty to come forward to meet a properly supported motion for summary judgment.... *Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.*

*Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665–66 (N.D.Ill.1982) (citations and footnote omitted) (emphasis added), *aff'd*, 736 F.2d 388 (7th Cir.1984).

As the district court recognized, all of the evidence on which Walker-Davis' new arguments rest was available to it at the time it responded to plaintiff's summary judgment motion and Walker-Davis was obligated to make these arguments at that time. *See* Dist.Ct.Op., Feb. 2, 1984, at 2–4. Other than the new trial and mitigation of damages arguments discussed above, however, defendant did not contest Publishers

Resource's calculation of damages. Failure to do so in opposition to the summary judgment motion waives its right to do so now. *See Keene Corp. v. International Fidelity Ins. Co.*, 736 F.2d 388, 393 (7th Cir.1984).[2]

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

**2.** In an abundance of caution, however, we have carefully reviewed Walker-Davis' contentions regarding damages and prejudgment interest. We do not find these arguments persuasive, and do not believe any material factual disputes exist making summary judgment improper. Walker-Davis' argument regarding prejudgment interest, which is the most plausible, is governed by Ill.Rev.Stat., ch. 17, § 6402 (1983). This statute allows an award of prejudgment interest with

respect to all monies after they become due "on any bond, bill, promissory note, or other instrument of writing." The contract here is such an "instrument of writing," *see Technical Representatives v. Richardson*, 107 Ill.App.3d 830, 438 N.E.2d 599 (1st Dist.1982), and as such is not subject to the "good faith" defense urged by Walker-Davis, *see, e.g., id.*, 438 N.E.2d at 603. Given our conclusion that all these issues were waived, we need not discuss them further.