Andre HUNTER

v.

**Virginia Finch BROOKS.**

**Civ. No. JFM–89–1212.**

United States District Court,
D. Maryland.

June 28, 1989.

Leonard Rosenberg, Riverdale, Md., for plaintiff.

Craig Ellis, Ellis, King, Brown & Prioleau, Washington, D.C., for defendant.

MEMORANDUM

MOTZ, District Judge.

Defendant, Virginia Finch Brooks, has filed a motion to dismiss a writ said to have been obtained by plaintiff, Andre Hunter, to execute upon a judgment obtained by Hunter against Brooks in the Northern District of Illinois, Eastern Division. Hunter points out that there is no pending writ of execution filed by him, and he suggests that Brooks' motion be treated as one to dismiss the recordation in this Court of the Illinois judgment. The motion will be so treated.

I.

In March 1980 Hunter was a tenant of Brooks at her house located in Hyattsville, Maryland.[1] He failed to pay rent which was due for several weeks, and Brooks asked him to leave. After an argument in which Hunter assaulted Brooks, Brooks had him evicted from the house. A short time later, Hunter assaulted Brooks a second time and threw her down the stairs.

Brooks contacted the police who issued a warrant for Hunter's arrest. Subsequently, Hunter returned to the house and broke in while Brooks was absent. Based upon information given to her by a neighbor who had observed the incident, Brooks contacted the local police. Hunter was arrested and criminal charges lodged against him in the District Court for Prince Georges' County. There were several continuances in the trial of the case, and Brooks concluded that she could no longer spare the time to prosecute it. Accordingly, a *nolle prosequi* was entered.

In March 1981, Hunter filed a complaint against Brooks in the United States District Court for the District of Columbia seeking damages for defamation, false arrest, false imprisonment and malicious prosecution. After Hunter failed to appear at scheduled status conferences, the Court

---

1. Since the facts relating to the underlying dispute between the parties have never been adjudicated, they are stated here as alleged by Brooks. Hunter has not controverted them.

dismissed his complaint. Thereafter, he filed a motion to reinstate the complaint but that motion was denied.

In March 1983 Hunter filed a second action in the United States District Court for the Northern District of Illinois. Brooks was served with a summons and complaint but did not file an answer. On August 31, 1983, Hunter obtained a default judgment in the amount of $35,000 ($10,000 in compensatory and $25,000 in punitive damages). In August 1986, Hunter obtained a certification of judgment for registration in another district. Thereafter, Brooks filed a motion to vacate the default judgment on the grounds that she had never been served with process. That motion was denied in July 1987. Brooks then filed a motion for reconsideration in which she contended, *inter alia,* that she could not have been served properly with process because the Illinois court lacked personal jurisdiction over her. On March 31, 1988, the Illinois court denied that motion on the ground that under the Seventh Circuit's decision in *Publishers Resource, Inc. v. Walker–Davis Publications, Inc.,* 762 F.2d 557, 561 (7th Cir.1985), it could not decide the personal jurisdiction issue because that defense could not be raised by a motion for reconsideration. Brooks noticed but did not prosecute an appeal.

It is undisputed that Brooks has never had any contacts with Illinois and is not subject to personal jurisdiction there.

## II.

■ Brooks' motion is, in effect, one brought under Fed.R.Civ.P. 60(b) seeking to have the Illinois judgment set aside on the ground that it was void because of lack of personal jurisdiction. Ordinarily, such motions must be brought in the Court in which the judgment was rendered. However, that rule does not apply in cases where the 60(b) motion is for relief from a default judgment. *Covington Industries, Inc. v. Resintex A.G.,* 629 F.2d 730 (2d Cir.1980). The reason for this exception to the general rule is that "where the defendant does not appear to contest jurisdiction

and the Court does not receive evidence or make findings in the matter except on the issue of damages, the Court of rendition is no more familiar with the factual situation than is the Court of registration." *Id.* at 733.

■ The defendant in *Covington Industries,* unlike Brooks here, had made no effort to have the Court rendering the judgment consider the personal jurisdiction defense. If in the present case the Illinois court had decided that defense on its merits, this Court would be bound by its decision. *See* 11 Wright and Miller, *Federal Practice and Procedure,* Section 2862, at 201. However, all that the Illinois court in fact decided was that it could not reach the merits of the personal jurisdiction defense by way of a motion for reconsideration of a motion to set aside the default judgment. Indeed, the court indicated that if it were to have reached the merits of the defense, it would have determined that it lacked personal jurisdiction.

Brooks has committed no procedural default here which deprives this Court of its power to determine the jurisdictional issue under Rule 60(b). Since the record is uncontradicted that personal jurisdiction was lacking, this Court need not permit its process to be used to work the substantial injustice which enforcement of the Illinois judgment would entail.

A separate order granting Brooks' motion is being entered herewith.

## ORDER

For the reasons stated in the memorandum entered herein, it is this 28th day of June 1989

ORDERED

1. Defendant's "motion to dismiss the writ of execution filed by plaintiff" is treated as one to dismiss the recordation in this Court of the default judgment entered in favor of plaintiff against defendant in Case No. 83–C–2090, in the United States District Court for the Northern District of Illinois, Eastern Division; and

2. As such, the motion is granted.