956 F.2d 277
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff
and
Willet F. Griffin, Plaintiff-Intervenor-Appellant,
v.
FOOTHILLS TITLE GUARANTY COMPANY, formerly known as
Foothills Title Insurance Agency Ltd.; Fidco, Inc.,
formerly known as Stewart Title Company of Colorado,
formerly known as Stewart Title Company of Denver; Stewart
Title Company of Denver, a Texas corporation, Defendants-Appellees.
 No. 91-1221.
 United States Court of Appeals, Tenth Circuit.
 March 2, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Willet Griffin appeals from the dismissal of his claim under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et. seq. (1988) (ADEA), on the grounds that it was precluded by the applicable statute of limitations. Mr. Griffin was employed by FIDCO on September 30, 1987, when the company sold its assets to Foothills Title Guaranty ("Foothills") and ceased to do business. On October 26, 1987, he was laid off by Foothills as part of a reduction in force. Mr. Griffin filed a charge with the EEOC, alleging that he was terminated by Foothills in violation of the ADEA as a result of a negative reference written by FIDCO, and the EEOC instituted an age discrimination suit. Since then, Mr. Griffin has joined the litigation as a plaintiff-intervenor, and the EEOC has stipulated to dismissal of FIDCO. Both plaintiffs have stipulated to dismissal of Foothills.
 
 
 3
 A plaintiff who does not allege willful discrimination has two years from the date of injury to file a claim under the ADEA. 29 U.S.C. §§ 255, 626(e). The ADEA also provides that this period shall be tolled for up to one year upon the commencement of conciliation proceedings. Id. § 626(e). The questions presented in this appeal are when the cause of action accrued, and when the conciliation process began.
 
 
 4
 FIDCO moved for summary judgment on the question of the statute of limitations and on another ground not presently before the court. Mr. Griffin requested, and received, several extensions of time to file a response. In the end, he failed to respond to FIDCO's motion in writing, and his attorney appeared before the district court on January 29, 1991 for the summary judgment hearing. At the hearing, the only issue raised or debated with respect to the statute of limitations was the date that conciliation began. See Appellant's Appendix, vol. II at 127-160 (Official Transcript 1/29/91). The defendant suggested, and the plaintiff apparently did not disagree, that the cause of action accrued on October 1, 1987, the day after FIDCO ceased operations. Id. at 169 (Memorandum Opinion and Order, 3/7/91). Mr. Griffin argued then that conciliation began on September 27, 1989, which would have tolled the running of the two-year limitations period, while FIDCO contended that conciliation began only on October 24, 1989, three full weeks after the statute of limitations had run. It is apparent to us, as it was to the district court, that Mr. Griffin and his attorney conceded the accuracy of the October 1 accrual date at the summary judgment argument: "[Griffin's] argument that the September 27, 1989 letter, not the October 24, 1989 letter, began the conciliation period, implies that the accrual date must lie between the dates of these two letters." Id. at 192 (Memorandum Opinion and Order, 4/12/91).
 
 
 5
 It was only in his motion for reconsideration that Mr. Griffin raised the issue of the accrual of his action. He now offers instead October 26, 1987, the date of his termination, or early November of that year, when he learned about the negative reference. A trial court need not entertain new arguments or evidence on a motion for reconsideration. Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413-14 (8th Cir.), cert. denied, 488 U.S. 820 (1988). " 'Motions for reconsideration ... cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion.' " Publishers Resource, Inc. v. Walker-Davis Publications, Inc., 762 F.2d 557, 561 (7th Cir.1985) (citation omitted). The district court here acted within its discretion in refusing to re-evaluate FIDCO's statute-of-limitations defense on the basis of a theory that Mr. Griffin could have, but chose not to, present earlier. Despite what Mr. Griffin claims was an insufficient time to respond to FIDCO's summary judgment motion, he and his counsel had ample opportunity to contest FIDCO's assertion of October 1 as the accrual date; indeed, it is somewhat absurd to imagine that they could have argued against a statute of limitations dismissal without having considered, and adopted at least in their own minds, an accrual date. We will not disturb the district court's determination that the cause of action accrued on October 1, 1987.
 
 
 6
 Given that accrual date, the present cause of action would have been timely if conciliation had begun by October 1, 1989. Mr. Griffin points to a letter dated September 27, 1989, in which an EEOC employee wrote that he "invite[d]" the parties to begin reconciliation, and that "[a] representative from the Commission's field office will be contacting the parties to begin the conciliation process." Appellant's Appendix, vol. II at 170 (Memorandum Opinion and Order, 3/7/91) (emphasis added). The language of this letter, however, indicates to us only that conciliation would begin at some time in the future. We agree with FIDCO and the district court that conciliation began on October 24, 1989, when an EEOC investigator wrote, "I have been delegated authority to commence resolution of these charges through the conciliation process." Id. Conciliation thus began too late to toll the statute of limitations for Mr. Griffins's ADEA claim.
 
 
 7
 Because we agree that this action was untimely, we need not reach Mr. Griffin's final claim, that he was improperly denied the opportunity to amend his complaint to name an additional party. We therefore AFFIRM the judgment of the district court.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3