**Erin ISAACSON, Plaintiff,**

v.

**KECK, MAHIN & CATE, Brian McGinty and Wesley Walton, Defendants.**

No. 92 C 3105.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 21, 1994.

James R. Figliulo, Thomas Aquinas Foran, Peter A. Silverman, Foran & Schultz, Darlene A. Vorachek, Vicki Lafer Abrahamson, Chicago, IL, Jacqueline H. Lower, Harrison Law Offices, P.C., Woodstock, IL, for plaintiff.

John A. McDonald, Carla Joanne Rozycki, Keck, Mahin & Cate, P. Kevin Connelly, Jody Wilner Moran, Connelly, Sheehan & Moran, Chicago, IL, for defendants.

## MEMORANDUM AND ORDER

MANNING, District Judge.

This matter is before the court on the motion of defendants, Keck, Mahin and Cate, Brian McGinty and Wesley Walton, for reconsideration of the court's[1] ruling that information surrounding the business transaction that a third party firm client previously voluntarily authorized to be released to the Securities and Exchange Commission (hereafter "SEC") and the Attorney Registration and Disciplinary Commission (hereafter "ARDC") is no longer privileged because of the disclosure. In the alternative, defendants request that the court, pursuant to 28 U.S.C. § 1292(b), certify for interlocutory appeal, the question of whether limited disclosures to the SEC and ARDC caused a general waiver of a client's privileges. For the reasons that follow the motion for reconsideration and, in the alternative, to certify the question is denied.

## BACKGROUND

Defendants in this cause filed a motion to reconsider the Court's ruling that the client's voluntary disclosure of information surrounding a certain business transaction prohibits it from now claiming that the information is a "secret." Defendants assert that the court's decision rests on the wrong notion that if the client has waived the attorney-client privilege by allowing limited disclosure to be made to ARDC and SEC, in response to plaintiff's claims, plaintiff may now use and disclose client information in pursuing her claims.

Erin Isaacson, a former associate attorney of defendants, filed a complaint in the district court alleging sex discrimination, intentional infliction of mental distress and retaliation in the termination of her employment by Keck, Mahin and Cate. Defendants filed a motion for an order protecting client confidences. Counsel for the parties were instructed by the court to attempt to agree to the terms of a protective order. The parties were in agreement with all terms of the protective order with the exception of provisions which would prevent plaintiff from disclosing her former firm client's confidences to her attorney, verbally or by way of writings, without prior client authorization.

On April 23, 1993, the district court entered the protective order which stated *inter alia*, that in accordance with the Illinois Rules of Professional Conduct, no party shall disclose, inquire into or discuss any client confidence or secret to or with any person, including his/her attorneys, in the course of this litigation without prior authorization by the client. Any client confidence or secret which has already been disclosed by any party to any person, including his/her attorney or prior attorneys, shall not be further disclosed by or to any person in the course of this litigation without prior authorization by the client. On February 3, 1994, the agreed protective order was modified to include: "In any pleading, discovery document, court appearance or proceedings of any kind, the parties and their attorneys shall not seek or disclose client identities where such disclosure would reveal client confidences or secrets, or where such disclosure is gratuitous or merely incidental to the questions at issue."

---

1. Judge Lienenweber issued the ruling on a motion to compel on October 17, 1994. On October 18, 1994, the case was reassigned to Judge Manning.

Plaintiff asserts that she subsequently learned that Keck, Mahin and Cate's firm client had voluntarily and without any compulsion consented to disclosure to ARDC on July 2, 1992 specific details of a certain business transaction, and for two years defendants purposefully concealed this disclosure from the court. Thus, the protective order was entered without knowing that the firm client has consented to disclosure. Plaintiff further asserted that at the time of the disclosure to ARDC there was no established privilege protecting that disclosure, thereby constituting waiver. Plaintiff filed a motion to compel defendants to disclose the details of the business transaction that a firm client had previously disclosed to ARDC. Plaintiff's motion also sought sanctions.

In response to plaintiff's motion to compel, defendants asserted that plaintiff's attempt to disclose and use her former client's confidences and secrets in pursuit of her personal claims is particularly wrong because her claims caused the disclosures she now wants to use. Defendants further contended that plaintiff cannot avoid the basic ethical obligations to her former firm client by her belated filing of an ARDC charge and by her filing of this charge which prompted the SEC's investigation of her former firm client's transaction.

The court granted plaintiff's motion to compel disclosure and denied the motion for sanctions. The court found that defendants may not raise the defense that plaintiff was terminated for violating ethical policies while simultaneously claiming that all information concerning the firm's normal procedures with respect to past ethics violations are privileged. In citing *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1098 (7th Cir.1987), the court applied the Seventh Circuit's rationale that if defendants rely on attorney-client communications to support their defense, the attorney-client privilege will be waived as to those communications and others pertaining to the same subject matter.

The court reasoned that defendants and their client cannot claim that information is not a "secret" when dissemination of the information is beneficial to them and a "secret" when release of the facts is detrimental

to them, citing *In re Subpoenas Duces Tecum* (D.C.Cir.1984), 738 F.2d 1367. In *In re Subpoenas Duces Tecum*, 738 F.2d 1367, 1370, the court held a client cannot waive the attorney client privilege in circumstances where disclosure might be beneficial while maintaining it in other circumstances where nondisclosure would be beneficial.

Alternatively, the court in this case, held the information surrounding the business transaction is not a "secret" as defined by the Illinois Rules of Professional Conduct since the client who permitted release of the information in order to fend off the SEC, also permitted Keck, Mahin & Cate to use the information in order for the firm to respond to an ARDC investigation. The court further held that the facts do not meet the necessary threshold of "embarrassing" or "detrimental" under the Rules of Professional Conduct, since the client voluntarily released the information about the business transaction to the SEC and ARDC.

## DISCUSSION

■ The first issue is whether the court's ruling presents a manifest error of law or fact or whether defendants presented newly discovered evidence to merit granting its motion for reconsideration. Motions for reconsideration serve a limited function:

> "To correct manifest errors of law or fact or to present newly discovered evidence. Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency ... Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time." *Publishers Resource, Inc. v. Walker–Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir.1985), citing *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665–66 (N.D.Ill.1982).

■ Furthermore, motions for reconsideration are not intended merely to relitigate old matters. (*Evans, Inc. v. Tiffany and Co.*, 416 F.Supp. 224, 244 (N.D.Ill.1976). In the instant case, defendant has not sustained its burden of showing that the court erred manifestly as to either the law or the facts

nor have defendants presented newly discovered evidence. Additionally, defendants have not shown a new development in the law which would change the result in this case. Instead, defendants simply rehash its previously rejected arguments and raise the same issues that were previously before the court. The only change on reconsideration is the judge presiding over the cause. The court has perused the transcript of the hearing where my predecessor judge orally ruled articulating his reasons and analysis. Nothing therein suggests any manifest error.

■ Defendants ask alternatively for the court to reconsider the court's denial of its request to certify the question for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The issue is whether the court abused its discretion by not certifying the question of whether limited disclosures to the ARDC and SEC caused a general waiver of a client's privileges. Certification of the question is appropriate when: (1) the answer will control the outcome of the case, (*Todd v. Societe BIC., S.A.,* 9 F.3d 1216, 1221 (7th Cir.1993); (2) a court has made the determination that it cannot properly decide the issue based upon materials before it, (*United Farm Bureau Mut. Co., Inc. v. Metropolitan Human Relations Commission,* 24 F.3d 1008, 1015 (7th Cir.1994); and (3) immediate appeal from the order may materially advance the ultimate termination of the litigation, 28 U.S.C. § 1292(b). Another consideration is whether certification would only prolong the life of the litigation at all the parties' expense. *Harris v. Karri–On Campers, Inc.,* 640 F.2d 65, 68 (7th Cir.1981).

In the instant case, the court decided the issue based upon the materials before it. In declining to certify the question, the court reasoned that the case was currently two years of age and not even close to being ready for trial. The court found certification would only prolong the life of the litigation. The court further reasoned that the law was not unclear on the question. The court clearly articulated its reasoning therefor. The court stated what facts it considered as well as the authority for its decision. After a careful review of the record, this court determines that the court's finding that the client's

voluntary disclosure of privileged information to the SEC and the ARDC resulted in a waiver of the privilege is supported by ample authority. This court, therefore, declines to disturb its predecessor's determination, rendered within its sound discretion, to not certify the question.

### CONCLUSION

For the reasons discussed above the motion for reconsideration is denied. The court further denies the alternative relief sought of certifying the question.