SWISS BANK CORPORATION, a Swiss Banking Corporation; and O'Connor Investments, an Illinois partnership, Plaintiffs,

v.

**DRESSER INDUSTRIES, INC.,**
**a Delaware corporation,**
**Defendant.**

**No. 96 C 2933.**

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 7, 1996.

Paul E. Dengel, Michael N. Delgass, Schiff, Hardin & Waite, Chicago, IL, for Swiss Bank Corporation, O'Connor Investments.

Philip Scott Beck, Peter Benjamin Bensinger, Jr., Andrew L. Goldman, Bartlit Beck Herman Palenchar & Scott, Chicago, IL, for Dresser Industries, Inc.

### MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

Swiss Bank Corporation ("SBC") and O'Connor Investments (O'Connor") brought a two-count complaint against Dresser Industries, Inc. ("Dresser"). In Count I plaintiffs alleged a claim for breach of contract; in Count II they alleged a claim for reformation. On October 4, 1996, the court granted defendant's Motion to Dismiss as to Count I, and denied it on Count II. Memorandum Opinion and Order, 96 C 2933 (N.D.Ill. Oct. 4, 1996). Now, plaintiffs and defendant each move for reconsideration. For the reasons described below, both motions are denied. Additionally, I have concluded that plaintiff O'Connor lacks standing to sue and is therefore dismissed from this action.

The background facts are discussed in detail in the October 4, 1996 opinion. Basically, O'Connor had a stock warrant contract with Dresser that was governed by Delaware substantive law. O'Connor then assigned its contractual rights to SBC. SBC attempted to exercise the rights granted by the warrant, but Dresser refused to comply. The present controversy centers around the language in the contract describing its expiration date. A heading on the first page of the contract states: "Void After Five Years From Date of Original Issuance." In two places within the text of the contract, it states that it expires "prior to five years from the Closing Date." Both the Date of Original Issuance date and the Closing Date were April 5, 1991. In the October 4, 1996 opinion, I concluded that the contract expired on April 4, 1996.

Motions for reconsideration serve a limited function. They are not "at the disposal of parties who want to rehash old arguments." *In re Oil Spill by Amoco Cadiz,* 794

F.Supp. 261, 267 (N.D.Ill.1992). Their purpose is to correct manifest errors of law or fact or to present new evidence. *Publishers Resource, Inc. v. Walker–Davis Publications, Inc.*, 762 F.2d 557 (7th Cir.1985).

▮ Plaintiffs suggest that this court misread the contract and failed to address its estoppel arguments. It would be a bootless exercise to reanalyze the contract. Even if I were to diverge from my original opinion and find that the contract is ambiguous, my ruling would not change. The extrinsic evidence plaintiffs urge me to consider does not help their position. First, plaintiffs submit that Dresser issued a shareholder prospectus in April 1994 that stated the stock warrant was valid "through April 5, 1996." However, this prospectus, primarily a means of informing Dresser shareholders, was not intended to clarify the stock warrant, and it is relatively insignificant in this regard. Plaintiffs also ask me to consider the replacement warrant certificate that Dresser issued to O'Connor in June 1994, approximately two months after issuing the prospectus. At O'Connor's request, Dresser changed text on the first page of the warrant from "exercisable at any time prior to the Closing Date" to "exercisable at any time prior to April 5, 1996." This evidence reaffirms the most reasonable conclusion which is that the contract was valid through April 4 and expired "prior to April 5." Moreover, because O'Connor specifically requested this change and both plaintiffs had access to information concerning the stock warrant, their estoppel argument falls on deaf ears. A party claiming estoppel must show, inter alia, that it "lacked knowledge or the means of obtaining knowledge of the truth of the facts in question." *Waggoner v. Laster*, 581 A.2d 1127, 1136 (Del.1990). Plaintiffs had the contract and they should have read it closely. If they still had questions, they could have called Dresser and specifically addressed them. Plaintiffs cannot show estoppel, as they attempt to do now, by relying on prior communications in which defendant failed to state otherwise when plaintiffs described the warrant as expiring on April 5.

▮ Defendants move to reconsider my decision to deny dismissal of Count II, the reformation claim. "Reformation requires a showing of mutual mistake or, in appropriate cases on a showing of unilateral mistake on plaintiff's part coupled with knowing silence on defendant's part." *Collins v. Burke*, 418 A.2d 999, 1002 (Del.1980). Plaintiffs alleged that the parties intended that the contract would expire at the end of April 5, 1996, but that the contract failed to reflect this due to a mutual mistake. Plaintiffs have alleged enough to state a claim.[1] Therefore, Count II shall remain in this lawsuit.

▮ Finally, I have decided that this is an appropriate time to reconsider an issue that defendant alluded to in its reply brief upon its motion to dismiss: plaintiff O'Connor's standing to sue. To satisfy the jurisdictional requirement of standing, a plaintiff must "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). The complaint states that "SBC has been damaged by Dresser's breach." But the complaint fails to allege or demonstrate that O'Connor has sustained an injury or will suffer as a result of defendant's conduct. Although O'Connor clearly has knowledge of this case by virtue of its relationship to SBC and Dresser due to the fact that O'Connor assigned its rights in the stock warrant to SBC, this is not sufficient to create standing. Consequently, O'Connor is dismissed from this case as a plaintiff.

---

1. Even if plaintiffs succeed in their reformation claim in the future, they will still have to overcome defendant's other arguments as to why plaintiffs are not entitled to recovery. It is premature to consider these arguments now.