The CITY OF CHICAGO, a municipal corporation, Plaintiff,

v.

RELIABLE TRUCK PARTS CO., INC., Dave Kaplan, Leroy Kaplan, Edward R. Brandwein, and William Koehler, Defendants.

No. 88 C 1458.

United States District Court, N.D. Illinois, E.D.

July 29, 1993.

Kelly Raymond Welsh, City of Chicago, Law Dept. Corp. Counsel, Judson H. Miner, Davis, Miner, Barnhill and Galland, P.C., Mary Frances Harkenrider, Stuart D. Fullerton, Stanley Arthur Berman, City of Chicago, Law Dept. Corp. Counsel, Chicago, IL, for plaintiff.

George Carter Lombardi, Dan K. Webb, Winston & Strawn, Stuart Philip Krauskopf, Cassiday, Schade & Gloor, Alan Rosen, Norman Terry Finkel, Marcia Topper Wolf, Young, Hauslinger and Rosen, Ltd., Marilyn I. Kosin, Towbin & Zazove, Ltd., Chicago, IL, for defendants.

### MEMORANDUM AND ORDER

MORAN, Chief Judge.

On March 30, 1993, this court denied the City's motion to strike defendants' motion for summary judgment and to preclude introduction of evidence by defendants, and granted in part and denied in part the parties' cross-motions for summary judgment on the amended complaint and Reliable's counterclaim. 822 F.Supp. 1288. Defendant now moves this court to alter certain portions of that order. Defendants' motion is denied.

■ Motions for reconsideration "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Resource, Inc. v. Walker–Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir.1985) (*quoting Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665–66 (N.D.Ill.1982)). As such, this court will not entertain a motion for reconsideration that merely reiterates arguments previously raised.

Defendants claim that this court "misapprehended" the evidence that was presented

in the initial motions. In essence, defendants disagree with our earlier analysis and request that we re-examine the evidence and their arguments. We point out that defendants raise nothing new but merely disagree with our decision, which is not enough to afford them the right to reconsideration. Nevertheless, we briefly address their arguments, if for no other reason than to clarify our order and confirm our decision.

Defendants' motion contests two portions of this court's order. First, they dispute our decision regarding non-contract purchases and our conclusion that those purchases remain part of the lawsuit (section II.B. of the order). Second, they disagree with this court's decision that the City has sufficiently established the existence and certain terms of contracts 8182 and 9853 (section II.C of the order).

Defendants' first argument concerns non-contract purchases. Both sides admit that Reliable occasionally sold items to the City that were not specifically covered by written contracts. However, when Reliable submitted the CP–45 invoice forms to the City for payment of those non-contract purchases, it identified a contract number on the invoice forms. Included on the CP–45 was Reliable's certification that the invoice was in full conformity with the contract and met the specifications contained therein. In our order we held that once the defendants cited to and attested to the fact that the invoice was rendered in accordance with a contract, they were then bound by the terms of the referred-to contract.

■ Defendants argue that they were merely copying information (and a contract number) that was included on the suborder that the City had submitted to Reliable. In essence, defendants argue that the reference to a contract on the CP–45 was fictitious and that the City, or at least its purchasing clerk, knew that the items were not being purchased in accordance with the referred-to contract. Defendants' argument is without merit. They do not contest that they signed the CP–45s (and corresponding certifications) that included the apparently false contract numbers. They cannot now disclaim their contractual obligations by claiming that everyone (including the City) knew that the invoice items were not *really* sold in accordance with the referred-to contracts. Even assuming that City clerks relayed the information to Reliable, that does not excuse defendants from *their* actions since it was the defendants who documented the information (and contract number) on the CP–45s and attested to the invoices' validity. In addition, the City is not necessarily bound by the actions of those clerks since there is no evidence indicating that they were acting in the capacity of agents for the City.

Defendants argue that they cannot be bound to the terms of the contracts referred to on the CP–45s because the non-contract merchandise is not listed on those contracts and, therefore, there are no price lists or discounts specified on those contracts with regard to those non-contract purchases. That argument is valid and comes into play with respect to damages, which remains an open issue at this time. From this court's review of the evidence it appears that there are three categories upon which the "non-contract purchases" will fall. First, there are those non-contract purchase items that are specifically included on the referred-to contract and where the applicable price list and/or discounts apply in accordance with the contract. Second, there are some non-contract items that are not listed in the relevant contract, but where the referred-to contract includes a provision that arguably addresses the parties' handling of non-specified/unlisted purchases. Finally, there are those non-contract purchases that are not listed in the contract and where the referred-to contract does not include a price provision for unlisted items purchased by the City. Those items, which probably are the ones that defendants are most concerned about, fall outside the contract pricing and the purchase price on the invoice would presumably be the correct price—unless the City could demonstrate otherwise. Therefore, when the parties arrive at a damage calculation they must address the "non-contract purchases" by examining the referred-to contract and the invoice

itself in order to determine what should be the correct price for the invoice items.[1]

Second, defendants disagree with this court's decision that the City has sufficiently established the existence and certain terms of contracts 8182 and 9853. The City provided copies of various documents (including the CN form for contract 8182) relating to the two contracts, and Henneman, in his affidavit, attested that the attached documents were true and complete copies. The City has sufficiently established that contracts 8182 and 9853 exist. With respect to the terms of those two contracts, the City provided Henneman's affidavit, which states that based on Henneman's own personal knowledge the terms of those contracts were "essentially identical to the same sections of Contract Number 8972." In his deposition, Henneman testified that his personal knowledge was based on his employment experience, and his familiarity with subsequent contracts and the contracting process at the City. In essence, he was able to surmise the terms of contracts 8182 and 9852 based on his personal knowledge. Henneman's experience qualified him to testify as he did in his affidavit and to sufficiently establish the terms of those contracts.

■ Defendants argue that the contracts are offered for the truth of their contents and are inadmissible hearsay. We disagree. The City provided copies of documents and Henneman's affidavit in order to establish the existence and terms of contracts 8182 and 9852. The City has not attempted to use the documents to prove the "truth" of the matter asserted, but merely to establish the existence of the contracts. It is the terms of the contracts that are at issue and the City has provided Henneman's affidavit as evidence as to what those terms are. Furthermore, Henneman's testimony is not hearsay since, as noted above, it is based on his own personal knowledge. Finally, we point out that defendants did not introduce evidence to rebut Henneman as to the terms of the contracts. As noted in our opinion, the City has adequately proved the existence and terms of

contracts 8182 and 9853. Defendants' motion for reconsideration is denied.[2]

---

1. In the alternative, defendants request that this court amend its order, finding that there is a genuine issue of material fact concerning the issue or, in the further alternative, that this court find that the issue warrants an immediate appeal pursuant to 28 U.S.C. § 1292(b). We deny both defendants' motions.

2. In the alternative, defendants request that this court amend its order, finding that there is a genuine issue of material fact concerning the existence and terms of contracts 9853 and 8182 or, in the further alternative, that this court find that the issue warrants an immediate appeal pursuant to 28 U.S.C. § 1292(b). We deny both defendants' motions.