INTERSTATE POWER COMPANY,
Plaintiff,

v.

KANSAS CITY POWER & LIGHT
CO., Defendant and Third–
Party Plaintiff,

v.

IOWA–ILLINOIS GAS & ELECTRIC
COMPANY, Defendant and Third–
Party Defendant.

BOB McKINESS EXCAVATING &
GRADING, INC., Third–Party Defen-
dant and Fourth–Party Plaintiff,

v.

CITY OF MASON CITY, et al.,
Fourth–Party Defendant.

No. C 89–3033.

United States District Court,
N.D. Iowa,
Central Division.

July 20, 1994.

Kent M. Ragsdale, Dubuque, IA, Clement F. Springer, Jr., Ronald W. Teeple, John L. Leonard, Defrees & Fiske, Chicago, IL, for Interstate Power Company, a Delaware Corporation.

Mark L. Zaiger, Shuttleworth & Ingersoll, Cedar Rapids, IA, Jerome T. Wolf, Terry W. Schackmann, Barry L. Pickens, Spencer Fane Britt & Browne, Kansas City, MO, Mark G. English, Kansas City Power & Light, Kansas City, MO, for Kansas City Power and Light Co.

Stephen D. Hardy, David C. Duncan, Iris J. Post, Grefe & Sidney, Des Moines, IA, for Bob McKiness Excavating & Grading, Inc.

Thomas J. Shields, Lane Waterman, Davenport, IA, Cathy S. Woollums, Iowa–Illinois Gas & Electric Co., Davenport, IA, Robert M. Olian, Pamela R. Hanebutt, Arlene Haas, Sidley & Austin, Chicago, IL, for Iowa–Illinois Gas and Elec. Co.

Anne L. Clark, Philip H. Dorff, Jr., Hopkins Huebner, Des Moines, IA, for City of Mason City, Iowa.

Craig A. Kelinson, Asst. Atty. Gen., Des Moines, IA, for Iowa Department of Natural Resources.

## ORDER

DONALD E. O'BRIEN, Senior District Judge.

This matter comes before the court on a motion to set aside final judgment and to vacate order by Kansas City Power & Light. The court held a hearing on this motion, and after careful consideration of the parties' oral and written arguments, the motion to set aside final judgment is granted but the motion to vacate order is denied. Summary judgment is also granted in favor of McKiness Excavating on all of KCPL's claims against it.

## I. FACTS

This court recently issued an extensive Findings of Fact, Conclusions of Law and Order detailing the history and facts of this case. For purposes of this motion, the underlying facts are that Interstate Power Company's property in Mason City is the location of a former manufactured gas plant. In 1978, McKiness agreed to perform certain demolition services on the property for IPC. In 1984, McKiness contracted with the City of Mason City to build a sanitary sewer across the property. McKiness began blasting operations that disturbed the contamination at the site. McKiness allegedly began a dewatering process whereby it extracted subsurface contamination and pumped it into nearby Willow Creek. An oily sheen appeared on the Creek's surface. The Iowa Department of Natural Resources (IDNR) ordered an investigation. Eventually, McKiness resumed construction of the sewer under the supervision of Interstate Power Company, and, more importantly, the Iowa Department of Natural Resources, who directed the activities from that point on and provided the legal authority for the work. McKiness also allegedly deposited contaminated soil into an unlined pile in a corner of the property, discharged contaminated water into an unlined pond, and allowed contaminated water to seep into the bedrock fissures created by its blasting.

The EPA designated the property for compulsory cleanup as a "Superfund" site under CERCLA in 1986. 42 U.S.C. § 9601 *et seq.* On June 3, 1986 and again on October 1, 1991, IPC and the EPA entered into Consent Orders in which IPC agreed to conduct a cleanup of the site. In May 1989, IPC commenced this action against Kansas City Power & Light to recover IPC's cleanup costs. KCPL filed a third party claim for contribution against McKiness and another party. McKiness moved for summary judgment on KCPL's claims alleging that it was not a liable party under CERCLA § 107(a), 42 U.S.C. § 9607(a). On October 15, 1991,

Judge Hansen granted summary judgment in favor of McKiness, holding as a matter of law that McKiness did not arrange for disposal within the meaning of 42 U.S.C. § 9607(a)(3). According to KCPL, the trial court considered no other basis for liability. KCPL thereafter moved for reconsideration, reasserting McKiness' liability under Section 107(a)(3) and asserting additional bases for liability under CERCLA.

On March 26, 1992, the trial court rejected reconsideration, finding that the KCPL motion failed to present any of the requisite bases for relief from a final judgment under Rule 60. The court also held that it was barred from considering any additional basis for liability after entry of its interlocutory order granting summary judgment. The court then certified the October 15th order as a final judgment under Rule 54(b). KCPL appealed that order and the order denying reconsideration. The Eighth Circuit Court of Appeals held that the district court had erroneously entered final judgment under Rule 54(b) and that no final judgment thus existed from which an appeal could lie. The Court of Appeals also held that the district court improperly refused to reconsider its October 15th order and to consider 2 additional bases for McKiness' liability: "owner or operator" liability under CERCLA § 107(a)(1)–(2), 42 U.S.C. § 9607(a)(1)–(2), and "Transporter" liability under CERCLA § 107(a)(4), 42 U.S.C. § 9607(a)(4). Based on this order, KCPL moves the court to set aside the judgment in favor of McKiness and to vacate the October 15th order granting summary judgment.

## II. DISCUSSION

Initially, in resistance to the motion to vacate, McKiness first asserts that the October 15th, 1991 order was a non-final order according to the 8th Circuit and that under Rule 54(b), revision of such a nonfinal order is inappropriate where the movant is merely seeking to rehash what the court has already considered or to submit new arguments which it could have presented in the beginning. McKiness asserts that KCPL's motion is nothing more than a second motion to reconsider, reargue, or rehash the decision already decided and reconsidered by this court. McKiness acknowledges that an nonfinal order under Rule 54(b) is subject to revision at any time before entry of judgment adjudicating all claims and rights and liabilities of the parties, but it asserts that no authority exists to support KCPL's attempt to rehash old arguments. Further, McKiness asserts that KCPL could have asserted the additional arguments in the original motion for reconsideration, but did not do so. McKiness asserts that the court should deny KCPL's attempts to assert those arguments now. *Publishers Resource v. Walker–Davis Publications,* 762 F.2d 557, 561 (7th Cir. 1985); *Emergency Technical Services Corp. v. Morton Int'l,* 1993 W.L. 265466 (N.D.Ill. July 13, 1993)

McKiness' second argument is that none of the usual factors are present warranting a revision of the October 15th order. Specifically, McKiness asserts that a district court has inherent power to revise or reconsider interlocutory orders when it is consonant with justice to do so and where the movant establishes: (1) intervening change of controlling law; (2) availability of new evidence; or (3) the court should correct clear error or prevent manifest injustice. *Westbrook v. Zant,* 743 F.2d 764, 768–69 (11th Cir.1984).

McKiness states that there has been no intervening change in *controlling* law in this case as that phrase is interpreted. McKiness states that the new cases cited by KCPL are not U.S. Supreme Court cases or Eighth Circuit cases, which McKiness contends are the only controlling authority. In addition, McKiness states that the cases KCPL does cite as new are easily distinguishable on their facts. McKiness also argues that there are no new facts to warrant reconsideration and the original order was not clearly erroneous or manifestly unjust.

■ As KCPL stated in its reply brief, notwithstanding McKiness' procedural objections, the Eighth Circuit has mandated reconsideration of the court's October 15th order. The Court of Appeals stated:

Under the last clause of Rule 54(b), a non-final order "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and

liabilities of all the parties." The district court, then, should have addressed the issues KCPL raised in its motion for reconsideration.

*IPC v. KCPL,* 992 F.2d 804, 807 (1993). In addition, as KCPL points out, the court is free to reconsider and reverse its interlocutory orders for any reason it deems sufficient, even in the absence of new evidence or an intervening change in the law. *Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, 185 (5th Cir.1990); *Cale v. Johnson,* 861 F.2d 943, 948 (6th Cir.1988) (a district court may simply change its mind, especially where a different judge considers the issue). Based on the foregoing, the court is persuaded that it is appropriate to reconsider the issues of liability as asserted by KCPL.

*1. Arranger Liability under CERCLA § 107(a)(3):*

██ KCPL reasserts its argument that the court rejected in the October 15th order. That argument is that McKiness is liable under CERCLA § 107(a)(3) as an "arranger." KCPL notes that the elements necessary to establish "arranger" liability under that section are: (1) a "disposal" of a hazardous substance; (2) an "arrangement" contemplating disposal; and (3) a sufficient "nexus" between the party and the hazardous substance. *CPC Int'l, Inc. v. Aerojet–Gen. Corp.,* 759 F.Supp. 1269, 1277 (W.D.Mich. 1991). KCPL states that this court's October 15th order held that the "nexus" requirement was not satisfied because KCPL had not provided evidence that McKiness had any authority to control the disposal. (See p. 15 of October 15 order).

As to the "nexus" requirement, KCPL states that cases decided after the court's Oct. 15th order make clear that McKiness can be liable regardless of whether this court concludes that authority to control disposal is necessary or sufficient element to satisfy the nexus requirement. KCPL reasserts that the nexus requirement may be satisfied by showing defendant's (1) ownership of the hazardous substance, (2) actual (or physical) possession of the hazardous substance, *or* (3) authority to control the disposal decision. KC asserts that each ground is sufficient, but not necessary, to satisfy the nexus require-

ment. *See United States v. Northeastern Pharmaceutical & Chem. Co.,* 810 F.2d 726 (8th Cir.1986); *United States v. Aceto Agric. Chems. Corp.,* 872 F.2d 1373, 1382 (8th Cir. 1989). The new cases KCPL relies on are the *Berger* case, *infra;* *United States v. Arrowhead Refining Company,* 1993 WL 170966 (D.Min. Mar. 12, 1993); *Emergency Technical Services Corp. of Illinois v. Morton International ("ETSC"),* 1993 WL 210531 (N.D.Ill. June 11, 1993). KCPL asserts that these courts all reject the argument that "authority to control" is always required to find CERCLA liability on a contractor.

In response, McKiness states that it is not liable as an arranger under this section because it exercised no control and had no obligation to control the decisions which led to the disposal of hazardous waste. McKiness asserts that under *United States v. Northeastern Pharmaceutical,* 810 F.2d 726, 743 (8th Cir.1986), *cert. denied,* 484 U.S. 848, 108 S.Ct. 146, 98 L.Ed.2d 102, the Eighth Circuit states that "it is the authority to control the handling and disposal of hazardous substances that is critical under the statutory scheme." McKiness states that this court correctly found that McKiness was not in control of the decisions which caused the alleged disposal on the IPC site. All activities of McKiness were controlled and directed by the City of Mason City, IPC and the Iowa DNR, who directly supervised the operation after the contamination was found. McKiness also cites *General Electric v. AAMCO,* 962 F.2d 281 (2nd Cir.1992) for the proposition that it is the *obligation to exercise control over hazardous waste disposal,* and not the *mere ability or opportunity* to control the disposal, that makes an entity an arranger under CERCLA. McKiness states that KCPL extracted language from various cases and suggested that the "nexus" test amounts merely to a requirement that the party "touched" the hazardous substance. McKiness states that mere "touching" is not sufficient.

The court must agree with McKiness and uphold the previous decision of Judge Hansen regarding "arranger" liability under § 107(a)(3). The court has reviewed the new

cases cited by KCPL and does not find them persuasive. In particular, at the hearing on these motions, KCPL's attorney relied heavily on the *ETSC* case from the Northern District of Illinois. In that case, the facts most clearly indicated that ETSC had been actively involved in the "timing, manner and location" of the disposal of waste. *ETSC,* 1993 WL 210531 at p. 5. The court is persuaded that the acts of McKiness in this case do not even come close to the types of acts that ETSC undertook. As Judge Hansen stated in the October 15, 1991 order in this case, "[t]he evidence only indicates that McKiness was involved in the disposal under the control and direct supervision of another, namely IPC." *See* October 15th Order at p. 15. The court is persuaded that the test for "arranger" liability is correctly stated by Judge Hansen in the October 15th order, notwithstanding KCPL's "new" cases. McKiness had no "authority to control" the disposal of hazardous substances in this case. McKiness did not do anything that they were not ordered to do by IPC and that they were given the go ahead to do by the Iowa Department of Natural Resources. Therefore, the court reaffirms the original order granting McKiness summary judgment on the claim that they are liable as an "arranger" under CERCLA.

### 2. Owner/Operator Liability under CERCLA §§ 107(a)(1)–(2):

■ KCPL next asserts that, as noted by the Eighth Circuit in its opinion, McKiness may be liable as an "owner or operator" under CERCLA. *Kaiser Aluminum & Chem. Corp. v. Catellus Dev. Corp.,* 976 F.2d 1338, 1341–43 (9th Cir.1992). KCPL asserts that McKiness *owned and operated* the site equipment that spread contamination, *operated* the sewer trench during construction, and was the site *operator* during the ill-conceived cleanup effort at the site before EPA was notified. *City of North Miami, Florida v. Berger,* 828 F.Supp. 401 (E.D.Va. 1993).

McKiness, in response, asserts that it is not liable as an "owner" or "operator" under the above section. McKiness asserts that to be found liable under this section, the party must have exerted some *control* over the crucial decisions leading to the alleged disposal of hazardous substance. *Nurad, Inc. v. William E. Hooper & Sons Co.,* 966 F.2d 837, 842 (4th Cir.1992), *cert. denied,* ___ U.S. ___, 113 S.Ct. 377, 121 L.Ed.2d 288. McKiness asserts that the issues of control and owner/operator liability were addressed in its motion for summary judgment and were fully briefed. KCPL did not expressly resist this motion in its resistance, but rather argued the *control* issue in terms of the "arranger" liability. McKiness asserts that the court's decision that it lacked the "control" under "arranger" liability necessarily precludes owner or operator liability as well. McKiness acknowledges that it need not have *actual* control in order to be found liable as an operator under CERCLA. However, McKiness asserts that absent actual control, a party must have the *authority* to exercise control over those decisions which led to the disposal. *See Nurad,* supra. McKiness states that the *Kaiser* case cited by KCPL was on a reconsideration of a motion to dismiss, where the court took as true all facts asserted in the complaint. McKiness asserts that this was a motion for summary judgment and that KCPL failed to generate a genuine issue of material fact regarding McKiness' control.

This court is aware of the Court of Appeals' comment in its decision regarding owner/operator liability. The Court stated:

Recent cases suggest that the facts *as stated by the district court in its October 15 Order* raise serious question whether McKiness may be liable at least under § 9607(a)(2). *See Kaiser Aluminum & Chem. Corp v. Catellus Dev. Corp.,* 976 F.2d 1338, 1341–43 (9th Cir.1992).

*IPC v. KCPL, supra* at p. 807. This court has considered the *Kaiser* case and is persuaded that McKiness is not liable as an "owner/operator" under § 107(a)(1)–(2). The court agrees with McKiness that the appropriate test for liability as an "owner/operator" under this section is the "authority to control" the cause of the contamination. *See Nurad, Inc. v. Hooper & Sons, Co.,* 966 F.2d 837, 842 (4th Cir.1992). Even the *Kaiser* case, cited by KCPL and mentioned by the

Court of Appeals notes that it is the *authority to control* that is key. *Kaiser*, 976 F.2d at 1341–42. In *Kaiser* the court found that the allegations were sufficient to indicate that the excavator's conduct constituted sufficient "control" to be liable as an "operator." This court is not so persuaded in this case as it relates to McKiness. It is undisputed that all of McKiness' actions were taken at the direction of other parties. In fact, at the hearing on these motions, the attorney for Interstate Power Company stated that he was not aware that McKiness did anything that they were not directed to do. The court is persuaded that as a matter of law, the facts of this case indicate that McKiness did not have any "authority to control" the cause of contamination at the time the hazardous substances were released into the environment. Therefore, McKiness is entitled to summary judgment on the claim that it is liable as an "owner/operator" under §§ 107(a)(1)–(2).

3. *Transporter Liability under CERCLA § 107(a)(4):*

KCPL next asserts that under the *Kaiser* decision, a contractor who moves hazardous materials from a contaminated to an uncontaminated area of the same property may be liable as a "transporter" under CERCLA § 107(a)(4). KCPL asserts that McKiness' activities clearly resulted in moving hazardous materials to uncontaminated areas of the site.

In response, McKiness argues that transporter liability is predicated on control over site selection. McKiness states that the *Kaiser* case cited by KCPL is not helpful in this regard because it did not discuss the operative phrase "sites selected by such person" in the context of contractor liability. McKiness again asserts that it is undisputed that it was at all times under the direct supervision and control of other parties and had no opportunity to exercise any discretion at the site.

Again, the court must agree with McKiness. It is true that the *Kaiser* decision, relied on by KCPL, indicates that a contractor may be liable as a "transporter" simply by moving the contaminated material from one area on one parcel to another area on the same parcel. *Kaiser*, 976 F.2d at 1343.

Further, there is no dispute that, in this case, McKiness did move the contamination from one area of the site to another. However, as pointed out by McKiness, transporter liability is predicated on control over site selection. CERCLA § 107(a)(4) imposes liability upon any person who transports hazardous substances to *sites selected by such person.* As McKiness notes, the *Kaiser* court did not address the "sites selected by such person" phrase in the context of the contractor's activities. It is clear, as previously mentioned, that McKiness was under the direct supervision and control of other parties and had no authority or opportunity to exercise any discretion. McKiness did precisely what others told it to do. There is simply no question of fact remaining regarding whether McKiness "selected" any sites for disposal. It did not. Therefore, the court is persuaded that McKiness is entitled to summary judgment on the claim that it is liable as a "transporter" under CERCLA § 107(a)(4).

### III. CONCLUSION

The court is persuaded that it can appropriately reconsider the order of October 15, 1991. After careful reconsideration, the court is persuaded that McKiness is entitled to summary judgment on all of KCPL's claims against it, including "arranger" liability, "owner/operator" liability, and "transporter" liability as more fully set forth in this opinion. Based on those findings, KCPL's motion to vacate the order of October 15, 1991 is denied. To the extent that KCPL's motion requests that the "final judgment" be set aside, the court grants that motion. The Eighth Circuit made clear that it was error to enter "final judgment" and that final judgment is set aside. Summary judgment is granted in favor of McKiness, however, on all of KCPL's claims against it as stated.

**Upon the foregoing,**

**IT IS ORDERED** that KCPL's motion to set aside final judgment is granted.

**IT IS FURTHER ORDERED** that KCPL's motion to vacate the order of October 15, 1991 is denied.

**IT IS FURTHER ORDERED** that summary judgment is granted in favor of McKiness on all of KCPL's claims against it.